**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DANIEL DAVID COLE,

       Petitioner - Appellant,

v.

STATE OF NEW MEXICO;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; ERASMO
BRAVO, Warden, Guadalupe County
Correctional Facility,

       Respondents - Appellees.

No. 02-2195
D.C. No. CIV-01-980 LH/LCS
(D. New Mexico)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.     See Fed. R. App. P. 34(a)(2)(C).  The case is

therefore submitted without oral argument.

---

     * This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Daniel David Cole seeks to appeal the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, we DENY Mr. Cole's motion for a certificate of appealability and DISMISS this appeal.

## I. BACKGROUND

Following a bench trial, the District Court of Otero County, New Mexico, found Mr. Cole guilty but mentally ill of one count of first-degree murder, in violation of N.M. Stat. Ann. § 30-2-1(A)(1), and three counts of attempted first-degree murder, in violation of N.M. Stat. Ann. §§ 30-28-1(A) and 30-2-1(A)(1).[1] Mr. Cole received a sentence of life imprisonment on the murder conviction and nine years' imprisonment for each of the attempted murders. The state court ruled that the sentences for the attempted murders would be served concurrently with each other and consecutive to the life sentence on the first-degree murder conviction. Mr. Cole appealed his convictions to the New Mexico Supreme Court. That court affirmed Mr. Cole's convictions. See Rec. doc. 13, ex. G (Supreme Court of New Mexico's Decision, case no. 25,643, filed Aug. 8, 2000).

---

[1] The murder victim was Mr. Cole's wife and the intended victims of the attempted murders were his three minor children.

On August 28, 2001, Mr. Cole filed the instant habeas petition in the federal district court, asserting fifteen grounds for relief. [2] Subsequently, on September 10, 2001, Mr. Cole filed a pro se petition for a writ of habeas corpus in New Mexico state district court asserting the same claims for relief. See Rec. doc. 13, ex. I (Petition for Writ of Habeas Corpus, filed Sept. 10, 2001). On November 8, 2001, the Otero County District Court issued an order summarily dismissing Mr. Cole's state habeas petition.

The parties agree that Mr. Cole did not file a petition for a writ of certiorari with the New Mexico Supreme Court within thirty days of the filing of this

_____

[2] In particular, Mr. Cole alleged that (1) the trial court erred in allowing a psychologist to testify about Mr. Cole's prior bad acts, based on information obtained during a sanity evaluation; (2) the trial court erred in admitting statements not preceded by a Miranda warning; (3) the court did not apply the correct elements of first-degree murder; (4) the court erred in admitting improper character evidence; (5) the court erred in admitted hearsay testimony; (6) the court erred in not allowing him to present mitigating evidence; (7) the sentence imposed violated double jeopardy principles; (8) the court erred in disallowing certain defenses; (9) the court violated his right to be free from self-incrimination by admitting a psychological evaluation; (10) the court erred in declining to reduce the charge to second-degree murder based upon his psychological state; (11) the court erred in allowing the prosecution to pursue the first-degree murder charge when he had asserted the insanity defense; (12) the court erred in refusing to reduce the murder charge to voluntary manslaughter based upon provocation; (13) the court erred in refusing to consider his contention that he acted in self-defense; (14) the court erred in declining to find him guilty of manslaughter rather than first-degree murder; (15) he received ineffective assistance of counsel because his trial lawyer failed to investigate the case and prepare an adequate defense. See Rec. vol. I, doc. 1 (Petition for a Writ of Habeas Corpus, filed August 28, 2001).

summary dismissal, as required by Rule 12-201(A) of the New Mexico Rules of Appellate Procedure. However, according to Mr. Cole, he submitted a certiorari petition prematurely—on August 28, 2001 (prior to the district court's ruling of summary dismissal). According to Mr. Cole, after this premature filing, he received a letter from the New Mexico Supreme Court informing him that he was required to file an endorsed copy of the state district court's order denying habeas relief. [3] Subsequently, Mr. Cole asserts, he prepared a letter to the New Mexico Supreme Court clerk's office and attached a copy of the dismissal order. However, Mr. Cole reports, he was unable to obtain notarization of his signature until December 11, 2001, because his caseworker was unavailable. On that date, he mailed the letter to the clerk's office. The clerk's office received the letter on December 13, 2001. However, the clerk's office informed Mr. Cole that it could not file his certiorari petition because the deadline had passed. See Rec. doc. 20, at 6-7 (Mr. Cole's objections to the magistrate's report, filed May 3, 2002).

---

[3] This August 28, 2001 certiorari petition is not in the record before us. It appears that Mr. Cole and his counsel may be confused about that date: August 28, 2001 is the date that Mr. Cole filed his petition for a writ of habeas corpus in the federal district court. Because Mr. Cole did not file his state habeas petition in the Otero County court until September 10, 2001, it is unclear why he would have filed a certiorari petition in the New Mexico Supreme Court prior to that date. In any event, given Mr. Cole's acknowledged failure to file a timely certiorari petition after the Otero County court's ruling of November 8, 2001, we need not determine whether Mr. Cole actually filed a certiorari petition in the New Mexico Supreme Court on August 28, 2001.

-4-

In the federal district court case, the magistrate judge issued proposed findings and a recommended disposition on April 23, 2002.    <u>See</u> Rec. vol. I, doc. 19.  The magistrate judge concluded that Mr. Cole's petition was procedurally barred because he had not timely filed a certiorari petition in the New Mexico Supreme Court.  The magistrate judge also considered the merits of Mr. Cole's ineffective assistance of counsel claim, concluding that Mr. Cole had failed to demonstrate that he was prejudiced by his counsel's alleged errors.  The district court adopted the magistrate's report and recommendation and dismissed Mr. Cole's petition.

## II.  DISCUSSION

Mr. Cole seeks a certificate of appealability (COA) in order to pursue this appeal.  Because the district court ruled on procedural grounds, Mr. Cole may obtain a COA if he "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."    <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

In this appeal, Mr. Cole first contends that the district court erred in dismissing his petition without first reviewing a complete record of the state court proceedings, including a transcript of the trial.  Mr. Cole also advances

substantive challenges to the district court's conclusion that his claims are procedurally barred: He maintains that he has made a sufficient showing of cause and prejudice excusing his procedural default and that a failure to consider his claims would result in a fundamental miscarriage of justice.

### A. Alleged Inadequacy of the Record

Mr. Cole observes that "neither the transcript of [the state court] proceedings nor the record proper from state court have been filed in this case." Aplt's Br. at 3. He contends that "[w]ithout a state court record proper and transcript of proceedings, appointed counsel is unable to begin to assemble the needed proof of an ineffective assistance of counsel claim." Id. at 11. Mr. Cole further maintains that the district court's analysis of his procedural default is deficient because it is based on an incomplete record.

We are not persuaded by Mr. Cole's contentions about the inadequacy of the record. In response to Mr. Cole's petition, the respondent filed a motion to dismiss and a supporting memorandum in which he argued that Mr. Cole's claims were procedurally barred. See Rec. vol. I doc. 11-12 (Motion to Dismiss and Memorandum in Support, filed December 20, 2001). The respondent noted that Mr. Cole had failed to file a timely certiorari petition in the New Mexico Supreme Court. Rec. vol. I, doc. 12, at 4-5. Additionally, the respondent stated that "[t]he

New Mexico Supreme Court's Decision [in Mr. Cole's direct appeal] pointed to specific evidence in the record from which a factfinder could have found [Mr. Cole] guilty of first degree murder and three counts of attempted first degree murder." Rec. vol. I. doc. 12 at 6. The respondent also submitted copies of the judgment and sentence, the briefs in the state court direct appeal, the New Mexico Supreme Court's decision, Mr. Cole's state court habeas petition, and the state district court's summary dismissal. See Rec. vol. I, doc. 13. (Answer to Petition for a Writ of Habeas Corpus, filed Dec. 20, 2001). These documents provided the district court with sufficient information to determine whether Mr. Cole's petition was procedurally barred and whether either of the established exceptions (cause and prejudice or a fundamental miscarriage of justice) would excuse his default. [4]

## B. Cause and Prejudice

Before filing a federal habeas corpus petition, an inmate must exhaust the available state remedies. See 28 U.S.C. § 2254(b)(1). "A state prisoner is ordinarily not able to obtain federal habeas corpus relief unless it appears that the

---

[4] In that regard, we note that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts enables a district court to order a summary dismissal of a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." That provision indicates that it may be proper for a district court to rule on issues of procedural bar without reviewing the entire trial transcript.

applicant has exhausted the remedies available in the courts of the State." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) (quotation marks omitted).

If state remedies are still available, the appropriate disposition is to dismiss a federal habeas petition without prejudice so that the petitioner may pursue those remedies. See Coleman v. Thompson, 501 U.S. 722, 731 (1991). However, where state remedies are no longer available, a dismissal for failure to exhaust is not appropriate. Instead, we must deny the petition unless the petitioner can show cause for the default and actual prejudice resulting from the alleged federal law violation, or that a fundamental miscarriage of justice will occur if the claims are not considered. See id. at 750; Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995).

As noted above, Mr. Cole failed to file a certiorari petition in the New Mexico Supreme Court within thirty days of the denial of his state habeas petition, as required by Rule 12-201(A) of the New Mexico Rules of Appellate Procedure. Accordingly, we may not reach the merits of Mr. Cole's federal habeas petition unless he can establish cause for his procedural default and resulting prejudice or

that a fundamental miscarriage of justice would result if we do not hear the merits of his claim.  See Coleman, 501 U.S. at 750.[5]

As to cause and prejudice, Mr. Cole asserts that the unavailability of his caseworker constitutes cause for his failure to file a timely certiorari petition in the New Mexico Supreme Court.  Mr. Cole did not raise this argument until he filed objections to the magistrate's report and recommendation.  As a result, the district court did not consider this contention.  See Rec. vol. I, doc. 21 (District Court Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 26, 2002) (stating that Mr. Cole raised a new claim in his objections and deeming that claim waived).

We conclude that, by failing to raise the issue in his initial response to the respondent's motion to dismiss, Mr. Cole has waived the argument that the unavailability of his caseworker constituted cause for his failure to file a certiorari petition.  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."  Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988), overruled on

---

[5] We note that Mr. Cole does not contend here that the premature filing of his certiorari petition somehow rendered his subsequent petition timely.  Instead, he concedes that there was a default and argues that the cause and prejudice exception excuses it.  Aplt's Br. at 4.

other grounds by , United States v. Hardesty , 977 F.2d 1347, 1348 (9th Cir. 1992). In explaining the delay, Mr. Cole's attorney states that he did not mention the contention about the unavailability of the caseworker in his initial response because "counsel first learned of this fact April 29, 2002" [after the filing of the magistrate's proposed findings and recommendation on April 23, 2002]. Aplt's Br. at 7 n.6. This cursory explanation does not establish the kind of exceptional circumstances necessary to excuse the failure to raise the issue before the magistrate judge. See Greenhow , 863 F.2d at 638-39 (finding no exceptional circumstances).

Moreover, even if Mr. Cole had timely raised the argument as to the unavailability of his caseworker, we conclude that his assertions fail to establish cause for his procedural default. The mere assertion that a particular caseworker was not available does not demonstrate that there were no other means available to Mr. Cole to file a timely certiorari petition. In the absence of sufficient cause for Mr. Cole's default, we need not address his assertions of prejudice.

## C. Fundamental Miscarriage of Justice

Mr. Cole also contends that a fundamental miscarriage of justice would result if the merits of his claim are not addressed. He contends that the evidence is insufficient to establish his guilt as to the first-degree murder charge, because

his homicidal intent at the moment of his attempt to asphyxiate his wife did not continue to his subsequent, allegedly spontaneous decision to stab her. See Aplt's Br at 23.

We conclude that Mr. Cole has failed to establish a fundamental miscarriage of justice warranting an exception to procedural bar. The fundamental miscarriage of justice exception applies only in extraordinary instances in which a constitutional violation probably caused the conviction of an innocent person. See Murray v. Carrier, 477 U.S. 478, 479-80 (1986). In order to establish a fundamental miscarriage of justice, Mr. Cole must support his allegations of innocence with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, Mr. Cole points to no such evidence. Moreover, the New Mexico Supreme Court's decision affirming Mr. Cole's conviction sets forth substantial evidence supporting his convictions.[6]

------

[6] The Supreme Court rejected Mr. Cole's argument that because he abandoned an attempt to asphyxiate his wife, his subsequent stabbing of her did not establish an intent to kill. The court stated

> By engaging in successive attempts on Ms. Cole's life, Mr. Cole evinced that his original deliberate intent to kill her survived his failed attempt to asphyxiate her . . . . [W]ithout evidence of abandonment or any other interruption of his intent [Mr. Cole's] attempts to asphyxiate, strangle, and set Ms. Cole's clothes on fire

(continued...)

-11-

## III. CONCLUSION

Accordingly, we DENY Mr. Cole's application for a certificate of appealability and DISMISS this appeal.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[6](...continued)
clearly provided sufficient evidence to lead [the trial judge] to find, beyond a reasonable doubt that [Mr. Cole] stabbed Ms. Cole with the deliberate intent to kill her.
Rec. vol. I, doc. 13, ex. G, at 4.