**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY E. LINDSEY,

        Petitioner-Appellant,

v.

AL ESTEP, Warden; and the Attorney
General of the State of Colorado,

        Respondents-Appellees.

No. 08-1169
(D.C. No. 04-CV-01705-LTB-KLM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

    In January 1989, an El Paso County, Colorado jury convicted Gregory E.

Lindsey of burglary, attempted sexual assault and habitual criminality charges

arising from a 1988 break-in and attempted sexual assault. In March 1990, a

second El Paso County jury convicted Mr. Lindsey of additional counts of the

same crimes arising from his sexual assault of a second victim, also in 1988.

After his convictions, Mr. Lindsey was sentenced to two life terms of

incarceration, a result the Colorado Court of Appeals and Colorado Supreme

---

    [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Court affirmed in due course. *See People v. Lindsey*, 868 P.2d 1085 (Colo. Ct. App. 1993), *aff'd*, 892 P.2d 281 (Colo. 1995); *People v. Lindsey*, No. 89CA0340 (Colo. Ct. App. Sept. 27, 1990). Mr. Lindsey thereafter unsuccessfully sought post-conviction relief in two distinct Colorado state post-conviction motions. *See People v. Lindsey*, No. 02CA0541 (Colo. Ct. App. Aug. 28, 2003); *People v. Lindsey*, No. 93CA1545, slip op. at 5 (Colo. Ct. App. July 27, 1995).

On August 17, 2004, Mr. Lindsey filed in the United States District Court for the District of Colorado, a *pro se* habeas petition under 28 U.S.C. § 2254. The magistrate judge assigned the case issued a 30-page report and recommendation applying the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows a federal court to grant habeas relief only if the challenged state court decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The magistrate judge concluded that Mr. Lindsey was not entitled to relief under AEDPA's standards. The district court adopted the magistrate judge's recommendation, dismissed the petition, and denied Mr. Lindsey's application for a certificate of appealability ("COA").

Mr. Lindsey now renews before us his request for a COA. Under AEDPA's terms, we may issue a COA only if Mr. Lindsey makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and quotation omitted).  Because Mr. Lindsey is proceeding *pro se*, we must and do construe his application liberally.  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).  Before us, Mr. Lindsey offers four arguments in support of his request for a COA.  Based on our review of the record, including Mr. Lindsey's brief, we conclude that he has not met the threshold set by Congress for the issuance of the certificate he seeks.

1.  Mr. Lindsey argues that his counsel failed to object to the admission of DNA evidence in his first trial because the costs associated with mounting a convincing objection were too high given the budgetary constraints of the public defender's office.  Counsel's failure to object, Mr. Lindsey concludes, rendered him without effective assistance of counsel, in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, Mr. Lindsey must show both that his trial counsel's performance was deficient and that he was prejudiced by it.  *Id.* at 687.  The Colorado Court of Appeals' decision rejecting Mr. Lindsey's *Strickland* claim found that the "overwhelming evidence" of his guilt, apart from DNA evidence, demonstrated that he was not prejudiced by its admission.  Among other things, the Court of Appeals stressed that several eye witnesses, including his victim, identified Mr. Lindsey as the perpetrator; that Mr. Lindsey was apprehended

- 3 -

shortly after the crime near the crime scene; and that the police found a weapon and shower cap in his car, both of which had been described by his victim. *See Lindsey*, No. 02CA0541, slip op. at 3. The federal magistrate judge considering Mr. Lindsey's habeas petition concluded, after extended discussion, that the Colorado Court of Appeals' decision was not unreasonable or contrary to law. *See* Op. at 26-29. We agree.

Mr. Lindsey replies that his counsel's failure to object amounted not merely to ineffective assistance but was the product of a conflict of interest. More specifically, Mr. Lindsey argues that counsel improperly put the budgetary interests of his office ahead of the interests of his client. And, Mr. Lindsey stresses, prejudice is presumed in cases where a conflict of interest exists. *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980). The primary difficulty with this line of argument is that Mr. Lindsey failed to exhaust it in his state court proceedings. Exhaustion requires a federal habeas petitioner making objections to a state court ruling on federal constitutional grounds to have first presented his federal objection in state court. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Hawkins v. Mullin*, 291 F.3d 658, 673-74 (10th Cir. 2002). Although Mr. Lindsey did raise before the state courts the argument that his counsel was ineffective under the traditional two-prong *Strickland* standard, the Colorado Court of Appeals expressly refused to consider Mr. Lindsey's conflict-of-interest theory because he did not raise it in his initial post-conviction motion or in his opening appellate

- 4 -

brief.  *See Lindsey*, No. 02CA0541, slip op. at 3.  Under these circumstances, we are likewise precluded from considering the theory.  *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (holding that petitioner failed to exhaust state remedies when he based ineffective assistance of counsel claim in habeas petition on different reasons than those presented in state direct appeal).[1]

2.  Mr. Lindsey argues a prior burglary conviction that served as the predicate for one of his habitual criminality convictions was unconstitutionally obtained.  Specifically, he contends that his guilty plea to grand larceny in Wyoming in 1978 was not made knowingly because the sentencing court

---

[1]  We might add that, to establish a conflict of interest, a defendant must show that his counsel "actively represented conflicting interests" and that the conflict "actually affected the adequacy of his representation."  *Cuyler*, 446 U.S. at 349-50; *Hammon v. Ward*, 466 F.3d 919, 929 (10th Cir. 2006).  Before us, however, there exists no evidence suggesting either of these things.  Even taking Mr. Lindsey's allegations as true, they indicate only that counsel's decision to forgo a challenge to the DNA evidence, in the face of "overwhelming" non-DNA evidence connecting Mr. Lindsey to the crime, was the product of a strategic assessment taken after due consideration of the relevant costs and benefits.  Such decisions are at the heart of trial strategy, and the law is clear that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Strickland*, 466 U.S. at 690.

We note that Mr. Lindsey includes with his petition a motion asking us to take judicial notice of or consider the Supreme Court's recent decision in *Wright v. Van Patten*, 128 S. Ct. 743, 746 (2008), as he says it is applicable to his ineffective assistance claim.  We grant that motion.  The language in *Wright* Mr. Lindsey points to, however, merely states the familiar rule of *Strickland* that, in some cases, such as when a defendant demonstrates that his counsel had an actual conflict of interest, prejudice is presumed.

- 5 -

allegedly failed to advise him of the *mens rea* element of the Wyoming larceny statute.

The magistrate judge found this objection to be without merit on the basis that neither knowledge nor intent is an element of the Wyoming larceny statute. As it happens, however, while no *mens rea* element appears on the face of the statute, Wyoming courts have interpreted the statute to require the state to prove that the defendant had a "felonious intent to steal." *See Repkie v. State*, 583 P.2d 1272, 1273 (Wyo. 1978) (citation omitted). Even so, there is no constitutional requirement that a trial court explain each element of an offense to a defendant offering a guilty plea. *See Henderson v. Morgan*, 426 U.S. 637, 647 (1976). Rather, due process requires that a defendant understand the "true nature of the charge against him." *Id.* at 645 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). And, for the following reasons taken together, we cannot help but conclude that no reasonable jurist could debate that Mr. Lindsey understood the charge to which he pled.[2]

---

[2] The transcript of the Wyoming hearing at which Mr. Lindsey pled guilty was not submitted to the Court. The Colorado Court of Appeals analyzed the relevant portion of the transcript that was described and quoted verbatim in the appellee's brief. *See* Brief of Appellee at 19-21, *Lindsey*, No. 89CA0340, (filed May 23, 1990). Mr. Lindsey has not challenged the accuracy of that language. We find that this argument is "readily susceptible to resolution without resort to the transcript." *Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991); *see also Cole v. New Mexico*, No. 02-2195, 2003 WL 256898, at *2 (10th Cir. Feb. 6, 2003) (incomplete record not inadequate because it "provided the district court with sufficient information" to determine procedural default).

First, the judge read the information at the hearing, and the information indicated that "[the defendant] did ... *feloniously steal*, take and carry away the personal goods of another...." Brief of Appellant at 11, *Lindsey*, No. 89CA340 (filed Jan. 16, 1990) (emphasis added). This portion of the information surely signaled that Mr. Lindsey was charged with taking items belonging to others through something other than mere negligence or mistake.

Second, and critically to us, Mr. Lindsey made his plea after consulting with counsel, Brief of Appellee at 22, *Lindsey*, No. 89CA340 (filed May 23, 1990), and the Supreme Court has instructed that it is appropriate "to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Henderson*, 426 U.S. at 647. Mr. Lindsey offers no reason why such a presumption should not pertain in this case.

Finally, Mr. Lindsey's plea in open court makes plain that he knew he was admitting guilt to an intentional act. *See* Brief of Appellee at 20, *Lindsey*, No. 89CA340 (filed May 23, 1990) ("Court: What did you do? You walked into the jewelry store? Defendant: Yes, and I asked them if I could see this tray of rings, and he set them up on the counter and I took them. Court: Was that why you went in there? Defendant: Yes, sir. Court: What were you going to do with them? Defendant: Buy drugs.").

3.  Mr. Lindsey argues that the court in his first sexual assault trial failed to advise him of his right to testify, in violation of his Fifth and Fourteenth Amendment rights.  The magistrate judge correctly determined that he failed to exhaust this claim because the only right to testify objections he brought in state court were based on state law.  By failing to "present federal claims to the state courts," Mr. Lindsey did not give the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard v. Connor*, 404 U.S. 270, 275 (1971), and thus failed to exhaust this claim.

4.  Finally, Mr. Lindsey argues that the admission of DNA evidence at his second trial violated his federal constitutional rights.  The magistrate judge held that he failed to exhaust this claim because he did not object to the evidence in the state courts on federal constitutional grounds.  Mr. Lindsey does not dispute that he failed to present this federal constitutional argument to the state courts, but argues that his failure to exhaust should be excused because his appellate counsel was ineffective in not offering the constitutional argument.

It is surely true that ineffective assistance of counsel can constitute the "cause" necessary to excuse procedural default.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  But, to succeed, the ineffective assistance claim must first be presented to the state courts "as an independent claim before it may be used to establish cause for procedural default."  *Id.* at 489.  Because Mr. Lindsey did not

present any such claim in the state courts, the district court's decision that he procedurally defaulted is not reasonably debatable.

* * *

Mr. Lindsey's request for COA is denied and this appeal is dismissed. His motion to proceed before this court *in forma pauperis* is granted.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge