FILED
United States Court of Appeals
Tenth Circuit

December 3, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERESITA REYES,

    Plaintiff - Appellant,

v.

LARIMER COUNTY; LARIMER
COUNTY PLANNING COMMISSION;
JEFF JENSEN,

    Defendants - Appellees.

No. 19-1295
(D.C. No. 1:19-CV-01579-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Teresita Reyes, proceeding pro se, appeals the dismissal of her complaint.[1] She

argues that the district court improperly found her claims in this action precluded by

claims she brought in an earlier action. For the reasons explained below, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Reyes's pro se filings. But we will not act as her advocate by, for example, formulating possible arguments or combing the record for support. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Reyes brought the earlier action with her husband, filing a complaint against the Larimer County Planning Commission (LCPC) and two of its members. Complaint at 1, *Reyes v. Larimer Cty. Planning Comm'n.*, No. 18-CV-03115 (D. Colo. Dec. 24, 2018).[2] They alleged in part that the defendants violated the Americans with Disability Act (ADA) when a chairperson at an August 2018 LCPC public hearing did not permit Reyes to speak on behalf of her disabled husband. Amended Complaint at 4, *Reyes*, No. 18-CV-03115. In March 2019, the district court dismissed all of Reyes's claims with prejudice.[3] Order to Dismiss in Part and to Draw Case at 8, *Reyes*, No. 18-CV-03115. It did so because she (1) failed to allege facts sufficient to show she suffered a legal injury and (2) lacked standing to bring claims on behalf of her husband. *Id.* at 5.

After the district court dismissed Reyes as a party to the first action, she filed this case. She again named LCPC and the same two commission members as defendants, as well as Larimer County. The magistrate judge directed her to amend her complaint, warning that she could not assert any claims arising from the public hearing that she could have asserted in the prior action. Reyes filed an amended complaint alleging that the defendants (1) failed to have an ADA employee at the

---

[2] Although the pleadings from this case do not appear in the record on appeal, we take judicial notice of these district-court documents. *See Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (unpublished) (approving of district court's decision to take judicial notice of state-court filings when deciding motion to dismiss).

[3] This dismissal was partial; the district court allowed some of Reyes's husband's claims to proceed. Order to Dismiss in Part and to Draw Case at 8–9, *Reyes*, No. 18-CV-03115.

public hearing; (2) failed to provide a grievance procedure, in violation of 28 C.F.R. § 35.107; (3) failed to inform Reyes and others of their rights under the ADA, in violation of 43 C.F.R. § 17.511; (4) discriminated against Reyes because of her race at the public hearing, in violation of 43 C.F.R. § 17.3; (5) violated her due-process and equal-protection rights in various other ways; and (6) failed to train commissioners on the ADA.

The magistrate judge recommended dismissing all six claims and, over Reyes's objections, the district court adopted that recommendation. In particular, the district court concluded that five of the six claims—all but claim two—were barred by claim preclusion. And the district court dismissed claim two because § 35.107 does not create a private right of action and, regardless, Reyes failed to allege sufficient facts to demonstrate a violation or injury. Next, to the extent that some of these five precluded claims were based on facts not connected to the August 2018 public hearing, the district court found that Reyes alleged insufficient facts to support her claims. Additionally, the district court dismissed Reyes's third and fourth claims on the alternative ground that the regulations she relied on, § 17.511 and § 17.3, do not apply to the defendants here. Reyes now appeals, challenging only the finding of claim preclusion.

We review de novo a district court's application of claim-preclusion principles. *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1230 (10th Cir. 2017). "[C]laim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th

3

Cir. 2005). For the purposes of claim preclusion, causes of action are the same if they arise from the same "transaction, event, or occurrence." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (quoting *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)). Reyes does not dispute the identity of the parties. But she contends that there was never a final judgment on the merits and that the current claims arose *after* the August 2018 public hearing.

In doing so, she first argues that the district court erred in finding that there was a final decision on the merits in the first action because "the dismissal of [her first] complaint was procedural" and not on the merits. Aplt. Br. 5. But the district court dismissed Reyes from the first action with prejudice. Order to Dismiss in Part and to Draw Case at 8, *Reyes*, No. 18-CV-03115. And a dismissal with prejudice is a final decision on the merits for claim preclusion. *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1127, 1129 (10th Cir. 1991). Thus, the district court did not err in concluding that there was a final judgment on the merits in the first action.

Next, Reyes contends the district court erred by finding that her current and prior claims arose out of the same event, transaction, or occurrence. In particular, Reyes argues that in her objections to the magistrate judge's recommendation, she asserted "newly discovered claims" that arose after the August 2018 hearing. Aplt. Br. 6. The district court, she contends, erred by not considering these new claims. But the district court specifically overruled Reyes's objections. We can infer, therefore, that the district court considered and rejected both Reyes's objections and any new claims contained in those objections. In any event, arguments and claims raised for

4

the first time in an objection to a magistrate judge's report and recommendation are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Thus, even if the district court did not consider any new claims that Reyes may have raised in her objections to the magistrate judge's recommendation, it did not err. *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (upholding district court's decision to not consider "new claim" made in objection). Moreover, we discern no error—and Reyes points to none—in the district court's broader conclusion that to the extent Reyes's claims related to the August 2018 hearing, they arose out of the same transaction or occurrence as the claims in the first action and were therefore subject to claim preclusion.

Reyes also separately and more generally argues that the district court violated her due-process rights. Specifically, she argues that the district court failed to consider the substance of her complaint, improperly dismissed the complaint before the defendants were served, denied her discovery, denied her an opportunity to confront and cross-examine witnesses, and denied her legal counsel. None of these arguments have merit. First, because the district court found that her complaint failed to state any claims, it could not have considered the substance of her claims. Second, Reyes is proceeding in forma pauperis, and as such, the district court was required to dismiss her complaint once it determined the complaint failed to state a claim—regardless of whether defendants were served. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Third, because the district court was required to dismiss her case, it could not have permitted any discovery. Fourth, the constitutional right to confront witnesses is

5

limited to criminal defendants. *Bennett v. Nat'l Transp. Safety Bd.*, 66 F.3d 1130, 1136 (10th Cir. 1995). Fifth, there is generally no due-process right to an attorney in civil cases unless there are liberty or property interests at stake, and Reyes points to no such interests here. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *cf. Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 31–32 (1981) (finding district court did not err in failing to appoint counsel in parental-termination proceeding).

We therefore affirm the district court's order. As a final matter, we note that after submitting her briefing, Reyes filed a "Motion to Amend" with this court. To the extent that it raises new claims, we decline to consider them for the first time on appeal. *Wilburn v. Mid-S. Health Dev., Inc.*, 343 F.3d 1274, 1280–81 (10th Cir. 2003). To the extent that it includes additional facts, we do not consider them because our review is limited to the record before the district court. *United States v. Ezeah*, 738 F. App'x 591, 595 n.4 (10th Cir. 2018) (unpublished). Thus, we deny this motion.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6