The WILDERNESS SOCIETY and Southern Utah Wilderness Alliance, Plaintiffs–Appellees,

v.

KANE COUNTY, UTAH; Daniel W. Hulet, Mark W. Habbeshaw, and Duke Cox, in their official capacities as Kane County Commissioners, Defendants–Appellants,

Utah Association of Counties; National Trust for Historic Preservation; Patrick A. Shea, Michael P. Dombeck, and James Baca, former Directors of the Bureau of Land Management, Amici Curiae.

No. 08–4090.

United States Court of Appeals, Tenth Circuit.

Feb. 5, 2010.

McCrystie Adams, Edward B. Zukoski, James Angell, Earthjustice, Denver, CO, Heidi McIntosh, Salt Lake City, UT, Robert B. Wiygul, Waltzer & Associates, Ocean Springs, MS, for Plaintiffs–Appellees.

A. John Davis, Kendra L. Shirey, Shawn T. Welch, Holme Roberts & Owen LLP, Michael S. Lee, Howrey LLP, Salt Lake City, UT, for Defendants–Appellants.

Alexander Hays, V, Elizabeth S. Merritt, Michael D. Smith, National Trust For Historic Preservation, Washington, DC, Michael S. Lee, Thomas R. Lee, Brigham Young University, Provo, UT, W. Cullen Battle, Fabian & Clendenin, A Professional Corporation, Salt Lake City, UT, for Amici Curiae.

Before HENRY, Chief Judge, and TACHA, KELLY, BRISCOE, LUCERO, MURPHY, HARTZ, O'BRIEN, TYMKOVICH, GORSUCH, and HOLMES, Circuit Judges.

ORDER

This matter is before the court on Appellants' *Petition For Panel Rehearing and Request For Rehearing En Banc.* We also have a response from the appellees. The petition and response were circulated to all of the judges on the court who are in regular active service. A poll was called, and a majority voted to GRANT rehearing en banc. Therefore, the request for en banc rehearing is granted.

On or before March 8, 2010, the appellants shall file a supplemental brief, limited to 20 pages in length in a 13 point font, addressing any matter they deem pertinent to en banc review, but in particular addressing the following:

1) Whether the Plaintiffs have constitutional standing, i.e., whether the Plaintiffs have a "legally protected interest" and prudential standing;

2) Whether the Supremacy Clause provides the Plaintiffs with a private right of action;

3) Whether a local government may exercise R.S. 2477 rights over federal lands in a manner that conflicts with the federal management regime without filing a Quiet Title Act suit with respect to those rights;

4) Whether a local government may assert R.S. 2477 rights defensively without seeking to join the landowner in the action;

5) Whether this matter is moot in light of, among other things, Kane County's decision to rescind its ordinance and remove the relevant road signs.

Within 30 days of service of appellants' brief the appellees may file a response. That response brief is likewise limited to 20 pages in a 13 point font, and shall address the issues outlined above. The appellants may submit an optional reply within 7 days of service of the appellees' response brief. That brief, if submitted, shall be limited to 10 pages in length in a 13 point font.

In addition to submitting these briefs via the court's Electronic Case Filing system, counsel shall also forward to the office of the clerk 15 hard copies. Those copies must be received within 2 business days of the electronic submission. Each party is also directed to forward to the clerk, on or before the deadline for filing supplemental briefs, 15 additional hard copies of the original merits briefs for this appeal. Requests for extension of time are strongly discouraged.

The court anticipates setting this matter for hearing on its May oral argument calendar. That calendar is currently set for the week of May 3, 2010. The parties will be advised of the exact date and time for argument when the calendar is finalized.