**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| CRAIG D. KROSKOB, and LISA D. KROSKOB, | |
| Plaintiffs-Appellants, | No. 09-1209 |
| v. | (D. of Colo.) |
| UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK,* Secretary of the United States Department of Agriculture; FARM SERVICE AGENCY, an agency of the United States Department of Agriculture; TERESA LASSETER, Administrator of the Farm Service Agency; LEWIS FRANK, State Executive Director for the Colorado Farm Service Agency; SCOTT A. MILLER, Farm Manager for the Farm Service Agency; BRYAN COOK, Farm Loan Manager for the Farm Service Agency, all in their official capacity, | (D.C. No. 08-CV-1009-RPM) |
| Defendants-Appellees. | |

---

**ORDER AND JUDGMENT**\*\*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), in this case Defendant-Appellee Tom Vilsack, sworn in January 21, 2009, is substituted for Ed Schafer as the Secretary of the United States Department of Agriculture.

\*\* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th

(continued...)

Before **TYMKOVICH**, **EBEL**, and **ALARCÓN**[***], Circuit Judges.

Craig and Lisa Kroskob appeal the dismissal of their suit against the U.S. Department of Agriculture's Farm Service Agency (FSA). The appeal arises from the FSA's decision that the Kroskobs' family farm loan does not qualify for restructuring. The Kroskobs administratively appealed that decision to an internal FSA review board pursuant to 7 U.S.C. § 6991 et seq. The review board ordered the FSA to reassess the family's restructuring request. Some time passed, and frustrated by the FSA's delay in issuing a new loan decision, the Kroskobs brought suit in federal court to compel the FSA to act. While their case was pending, the FSA issued a new decision, which the district court held mooted the Kroskobs' action.

On appeal, the Kroskobs argue the FSA's new decision contains a number of errors. We hold the Kroskobs' case is not moot, but also conclude they have not exhausted their administrative remedies. Exercising jurisdiction under 18 U.S.C. § 1291, we therefore AFFIRM the district court's dismissal of the Kroskobs' case.

[**](...continued)
Cir. R. 32.1.

[***] The Honorable Arthur L. Alarcón, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

# I. Background

Between 2001 and 2006, the Kroskobs and the FSA entered into a number of loan agreements to support the operation of the Kroskobs' farm in Fort Morgan, Colorado. The first loan in 2001 was an emergency loan secured by title to the Kroskobs' land and farm equipment. Over the next five years, the Kroskobs continued to have financial difficulties, which resulted in their bankruptcy, restructuring of debt, including the FSA loans, and eventual default on the restructured loans. Beginning in 2006, the FSA garnished federal payments to the Kroskobs to compensate for their default.

The Kroskobs sought another loan from the FSA in 2006. To determine loan eligibility, the agency entered the Kroskobs' current financial information into its computerized Debt and Loan Restructuring System (DALR$). The DALR$ analysis showed no feasible restructuring plan was available to the Kroskobs, and they were informed that the FSA could not provide additional lending. In March 2007, the Kroskobs provided updated information to the FSA, but once again the DALR$ analysis showed the agency was unable to provide the family with a restructured loan.

Dissatisfied with the FSA's decision, in December 2007 the Kroskobs challenged the FSA's failure to restructure their loans before the National Appeals Division (NAD). The NAD is an appeals body within the Department of Agriculture charged with reviewing certain decisions made by the Department,

including lending decisions under the Agricultural Credit Act of 1987, 7 U.S.C. § 2001. In the course of the appeal, the NAD determined among other things that incorrect information had been inputted into DALR$. The NAD believed the incorrect information materially affected certain aspects of the FSA's decision, but the NAD could not determine from the record before it whether the Kroskobs would qualify for debt restructuring based on revised financial information. The NAD made clear that it was not making a ruling on the merits of the Kroskobs' appeal: "Because not all information used in DALR$ was correct, whether [the Kroskobs'] cash flow is enough to develop a feasible plan is unknown." Aplt. App., Vol. 2 at 456. The NAD remanded the matter to the FSA.

Following the NAD's decision, representatives of the FSA and the Kroskobs met in early February 2008 to discuss the matter. The agency then sent the Kroskobs a request for updated financial information. It is unclear from the record when the FSA received updated information from the Kroskobs, but in any event no new decision was forthcoming from the FSA.

Relying on a statutory command that requires Department of Agriculture agencies to "implement the [NAD's] final determination not later than 30 days after the effective date of the notice of the final determination," 7 U.S.C. § 7000(a), the Kroskobs filed suit in mid-2008 in federal district court to compel the agency to act. They argued that the NAD's determination entitled them to

debt restructuring as a matter of right, and urged the district court to order the FSA to restructure their debt.

In February 2009, while the case was pending in district court, the FSA issued a new decision. The new decision concluded that the Kroskobs did not qualify for debt restructuring. Among other things, the FSA decision found the Kroskobs had acted in bad faith by failing to provide the FSA with records concerning the farm's crops, and the Kroskobs had no permissible reason for their loan payment delinquency. The decision also outlined the Kroskobs' right to administratively appeal the decision pursuant to agency regulations and statutory law. Within the 30-day appeal period, the Kroskobs sent a letter to the FSA requesting reconsideration of the decision. In light of these developments, the district court determined it lacked subject matter jurisdiction on mootness grounds and dismissed the Kroskobs' complaint.

## II. Discussion

The Kroskobs argue their case still presents a justiciable controversy because the FSA's latest restructuring decision did not properly implement the NAD's determination. Concluding that the Kroskobs have yet to exhaust their administrative remedies before the NAD, we agree with the district court's dismissal.

## A. Standard of Review

We review de novo the district court's legal conclusion that a case is moot, *see Wilderness Soc'y v. Kane County*, 581 F.3d 1198, 1214 (10th Cir. 2009), *reh'g en banc granted*, 595 F.3d 1119 (10th Cir. 2010), and we review for clear error the district court's findings of jurisdictional facts, *see Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (internal punctuation omitted).

## B. Mootness and Exhaustion

The Kroskobs argued before the district court that the FSA harmed them by failing to reissue a DALR$ analysis after the NAD directed it to do so. They contend that from the time they filed their suit in 2008 until February 2009, the FSA did not update their DALR$ information, and thus did not meet the 30-day statutory deadline for implementing the NAD's determination—although the reasons for the delay are in dispute.

"Article III mootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (internal punctuation omitted). "If an event occurs while a case is pending that heals the

injury and only prospective relief has been sought, the case must be dismissed." *Id.*; *see also City of Herriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010) ("Our Article III case-or-controversy requirement continues through all stages of federal judicial proceedings.").

As the Kroskobs framed their case in district court, when the FSA issued its new decision in February 2009 they obtained their desired relief—the FSA implemented the NAD's final determination of their appeal. But they contend on appeal the district court misapprehended the relief they sought. They contend the FSA's February 2009 decision does not moot their claims since the NAD's determination did not allow the FSA discretion to reject their application a second time, but instead required the FSA to grant the requested loan restructuring. In other words, their complaint of agency *inaction* may well be moot, but they still contend the agency erred in *implementing* the NAD's remand order.

The problem with this argument is that it challenges ongoing agency action for which no final determination has been made. The agency has not finally resolved their claim. Because the Kroskobs have failed to exhaust their administrative remedies, their federal claim is premature.

As a matter of basic administrative law principles, "[o]ne challenging an agency decision must exhaust all administrative remedies before seeking judicial review." 33 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 8398 (1st ed. 2005). As one court summarized:

The exhaustion requirement serves four primary purposes. First, it carries out the congressional purpose in granting authority to the agency by discouraging the "frequent and deliberate flouting of administrative processes [that] could . . . encourag[e] people to ignore its procedures." Second, it protects agency autonomy by allowing the agency the opportunity in the first instance to apply its expertise, exercise whatever discretion it may have been granted, and correct its own errors. Third, it aids judicial review by allowing the parties and the agency to develop the facts of the case in the administrative proceeding. Fourth, it promotes judicial economy by avoiding needless repetition of administrative and judicial factfinding, and by perhaps avoiding the necessity of any judicial involvement at all if the parties successfully vindicate their claims before the agency.

*Andrade v. Lauer*, 729 F.2d 1475, 1484 (D.C. Cir. 1984) (internal citation omitted).

These principles apply here. Under federal law pertaining to the farm loan program, a challenge to FSA final decisions requires litigants to "exhaust all administrative appeal procedures established by the Secretary [of Agriculture] or required by law *before the person may bring an action in a court of competent jurisdiction* against" the Department of Agriculture. 7 U.S.C. § 6912(e) (emphasis added); *see also Forest Guardians v. U.S. Forest Serv.*, 579 F.3d 1114, 1121 (10th Cir. 2009) ("The courts of appeals are split as to whether 7 U.S.C. § 6912(e) is jurisdictional. . . . Regardless of whether it is jurisdictional, the explicit exhaustion requirement in § 6912(e) is, nonetheless, mandatory.").

The Kroskobs have not completed the "administrative appeal procedures" set forth in the statutory scheme. Following the FSA's February 2009 decision,

-8-

the Kroskobs' attorney wrote the FSA's Acting State Executive Director "to request reconsideration" of the agency's decision. Aplt. App., Vol. 2 at 492. Pursuant to this request, the Kroskobs were entitled to an informal hearing with the FSA. *See* 7 U.S.C. § 6995(a) ("If an officer, employee, or committee of an agency makes an adverse decision, the agency shall hold, at the request of the participant, an informal hearing on the decision.").

The informal hearing process does not satisfy the Kroskobs' administrative exhaustion requirement. The statute makes clear that only an NAD determination —not an informal hearing—serves as a precursor to federal court action. *See* 7 U.S.C. § 6997(d) (designating an NAD hearing officer's determination an "administratively final determination"); 7 U.S.C. § 6999 ("A final determination of the Division shall be reviewable and enforceable by any United States district court of competent jurisdiction . . . ."); *see also* 7 U.S.C. § 6912(e) ("[A] person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against" the Department of Agriculture.). Thus, for the Kroskobs to seek relief in federal court, they must appeal the FSA's February 10, 2009 decision to the NAD. If they are dissatisfied with the NAD's determination, at that time the Kroskobs may either bring an action in federal court, *see* 7 U.S.C. § 6997(d), or seek formal review from the NAD's Director, which also can be challenged in federal court, *see* 7 U.S.C. § 6998.

Pursuant to these statutes, the Kroskobs have yet to exhaust their administrative appeals of the FSA's February 2009 decision. In those proceedings, the Kroskobs can argue to the agency that the FSA failed to comply with the NAD's remand decision. On appeal to the NAD, the Kroskobs also may argue that the FSA need not update the financial information and the FSA lacked the discretion to deny the application. The NAD is in the best position to administratively review whether the FSA properly implemented the NAD's 2006 determination. That is especially true in a case like this where the parties strongly disagree about the meaning of the 2006 order and the FSA's obligations on remand.[1]

In sum, until final agency review occurs, we do not have jurisdiction to review the Kroskobs' claims.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of the Kroskobs' case.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[1] The Kroskobs suggest further appeals to the NAD would leave them in agency limbo. The record does not support this contention, and no showing of futility is obvious to us. Once the NAD makes its final review of the FSA's February 2009 decision, that determination can be appealed to district court. *See* 7 U.S.C. §§ 6997(d), 6999.