UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SUSAN ROSE,

       Plaintiff-Appellant,

v.

STATE OF UTAH; UTAH STATE
BAR; CAROLYN COX; BARBARA
TOWNSEND; ARTHUR BERGER;
BILLY WALKER; JOYCE SMITH;
and other JOHN AND JANE DOES as
yet to be identified, named jointly and
severally, officially and personally,

       Defendants-Appellees.

No. 10-4000
(D.C. No. 2:09-CV-00695-TC)
(D. Utah)

---

## ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

---

Susan Rose, an attorney representing herself, appeals the district court's

order dismissing her complaint asserting that the Utah State Bar has no

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction to prosecute attorney disciplinary proceedings against her. She sought declaratory and injunctive relief, as well as monetary damages against the State of Utah, the Utah State Bar and its officials, and two private attorneys. She also appeals the district court's order declining to recuse from the case. We dismiss the appeal in part for lack of jurisdiction, and affirm in part.

## I. BACKGROUND

The Utah State Bar brought disciplinary proceedings in a Utah state court against Ms. Rose, an attorney licensed to practice in Utah. Ms. Rose then filed the underlying lawsuit against the State of Utah, the Utah State Bar, three Bar officials (Townsend, Burger, and Walker), and two private attorneys (Smith and Cox) who were opposing counsel in cases involving Ms. Rose and who had filed informal complaints with the Bar against her. Pursuant to the attorney-grievance procedure under the Utah Rules of Professional Conduct and the Utah Rules Governing the Utah State Bar (collectively, the "Utah Rules"), an initial screening process resulted in a formal complaint against Ms. Rose. The next step is for the Utah state court to conduct a bench trial, from which either side may appeal to the Utah Supreme Court. At the time of the district court's order now under review, no trial had been held.

In its formal complaint against Ms. Rose, the Utah State Bar alleged that she had violated various Rules of Professional Conduct in two cases, one filed in

federal court, and the other in state court.[1]  In her federal complaint, Ms. Rose requested declaratory and injunctive relief to prevent the Utah State Bar from imposing any professional discipline against her.  She also sought damages based on federal claims of free speech, freedom to petition, due process, equal protection, and illegal takings.  In addition, she requested damages based on state law claims for breach of contract, conversion, conspiracy, and intentional infliction of emotional distress.  Ms. Rose based her federal claims on the Supremacy Clause, U.S. Const. Art. VI, cl. 2, as well as the First, Fifth, Ninth, and Fourteenth Amendments.  She specifically rejected any suggestion that her claims were based on 42 U.S.C. § 1983.

In a thorough order, the district court dismissed Ms. Rose's case for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6), holding (1) the State of Utah, the Utah State Bar, and the Bar officials in their official capacities were entitled to Eleventh Amendment immunity; (2) the federal court was required to abstain from reaching claims raised against the State of Utah, the Utah State Bar, and the Bar officials in their individual and official capacities, pursuant

---

[1]     Both cases had a connection to a Navajo court.  In the federal case, Ms. Rose's clients sought "enforcement of several preliminary injunction orders issued by a court of the Navajo Nation." *MacArthur v. San Juan Cnty.*, 497 F.3d 1057, 1060 (10th Cir. 2007).  The state case was a petition for grandparent visitation with a Navajo child who was the subject of a Navajo court's parental-rights order.  Aplt. Addendum at 49-55.  To the extent Ms. Rose claims the Utah State Bar was without jurisdiction to discipline her for her professional conduct in the Navajo courts, our ruling is the same as for her federal-court arguments.

to *Younger v. Harris*, 401 U.S. 37 (1971); (3) even if Ms. Rose's claims were construed as invoking federal jurisdiction under § 1983, the State defendants were not "persons" under the statute and the private-attorney defendants were not state actors; (4) the takings claims were not ripe; and (5) Ms. Rose failed to allege sufficient facts to survive dismissal of her state law claims.

On appeal, Ms. Rose argues that the district court erred in dismissing her case because the court did not construe as true the facts alleged in the complaint, the court considered matters outside the complaint, and the court did not hold a hearing. In addition, Ms. Rose maintains that the Utah State Bar lacks jurisdiction to regulate her professional activity in federal court, invoking the Supremacy Clause and rejecting § 1983, and asserting error in the district court's failure to conduct a "'Supremacy Clause' federal pre emption analysis," Aplt. Opening Br. at ii, 33. She pursues her claims for damages against Ms. Cox, but has waived her claims against Ms. Smith.[2] Lastly, she contends that the district court erred in denying her motion to recuse based on the appearance of impartiality.

---

[2] In addition to the named defendants, the complaint caption named as defendants "John and Jane Does as yet to be identified," but Ms. Rose does not pursue claims against any unnamed defendants. Courts generally permit a plaintiff to use unnamed defendants, but the plaintiff must "provide[] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Given that the unnamed defendants were merely included in the caption of the amended complaint, we do not consider them.

## II.  ANALYSIS

### A.  Standards of Review

We review de novo the district court's Rule 12(b)(6) dismissal.  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  The de novo standard also applies to the district court's rulings on Eleventh Amendment immunity and *Younger* abstention.  *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) ("Eleventh Amendment immunity is a question of federal law and our review is de novo."); *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) ("We review *de novo* a district court's decision to abstain pursuant to *Younger*.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."  *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.

## B. Assertions of Fact

Ms. Rose claims dismissal was improper because the court failed to construe as true the facts alleged in the complaint, considered matters outside the complaint, and failed to hold a hearing. Ms. Rose has not identified any facts she asserts the district court ignored, but instead has supplied only arguments and conclusory allegations. *See* Aplt. Opening Br. at 27-30. She contends that her district court filing, which she refers to as her "*Twombly* chart," *e.g.*, *id.* at 28, demonstrated that her factual assertions were sufficient to resist dismissal under Rule 12(b)(6). But the "*Twombly* chart," like Ms. Rose's appellate briefs, contains primarily conclusory statements and arguments. Aplt. Addendum at 108-11; 118-26. "[W]e need not accept [Ms. Rose's] conclusory allegations as true." *S. Disposal, Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998); *accord Iqbal*, 129 S. Ct. at 1949. Moreover, "counsel may not overcome pleading deficiencies with arguments." *Bauchman ex. rel Bauchman v. W. High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997).

Ms. Rose's claim that the district court improperly considered matters outside the complaint is based on the court's reference to an earlier federal court case Ms. Rose filed, which was dismissed.[3] This was not a fact pertaining to the merits of the case, however, and reference to it was merely background

---

[3] Ms. Rose also objects to the district court's reference to attorney-grievance complaint against her. As this forms the basis of her lawsuit, reference to the complaint was not error.

information not integral to the court's analysis or conclusion. Similarly, the district court did not abuse its discretion in granting dismissal without a hearing where Ms. Rose does not assert that she requested one, and where the contested matters were legal in nature. *See Shaw v. AAA Eng'rg & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000). Ms. Rose's reliance on *In re Green*, 369 U.S. 689, 692-93 (1962), to support her argument that a hearing was required is misplaced. *See, e.g.,* Aplt. Reply Br. at 8. *In re Green* concerned the due-process hearing requirement for an attorney who "ha[d] been held in contempt of a state court and sentenced to jail and fined." *In re Green*, 369 U.S. at 689, 693. Nothing in this case suggests that Ms. Rose has been threatened with contempt of any court.

### C. *Younger* Abstention

Ms. Rose asserts that the Utah State Bar has no authority to discipline her for alleged misconduct occurring in federal court, where the federal court did not impose attorney discipline. The district court found that it was required to abstain under *Younger* and dismissed Ms. Rose's claims against the Utah State Bar and its officials.

The Supreme Court has addressed circumstances under which federal courts should abstain from state attorney-discipline proceedings. The Court noted that "[w]here vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)

-7-

(quotation omitted). The Court then identified a three-part inquiry to determine "whether the state proceedings afford an adequate opportunity to raise the constitutional claims." *Id.* (quotation omitted). The inquiry first asks whether "state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding." *Id.* The next question is whether "the proceedings implicate important state interests; [and finally,] is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* If these criteria are met, the federal court should abstain unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 435.

The district court determined that the *Middlesex* criteria were satisfied and no extraordinary circumstance was present to make abstention inappropriate. Addressing the first criterion, the district court found that the Utah Constitution granted power to govern the practice of law to the Utah Supreme Court, *see* Utah Const., art. VIII, § 4, and the proceedings against Ms. Rose pending in a Utah state district court were judicial in nature, with an appeal by either side to be heard by the Utah Supreme Court. Aplt. App. at 299-300. Next, the court held that the regulation of attorneys was an important state interest. *Id.* at 300. Finally, the court applied the presumption that the Utah state district court, in which the disciplinary proceedings were pending, was an adequate forum for

Ms. Rose to raise her constitutional and state law challenges because the state district courts are empowered to hear such challenges, and the Utah Supreme Court may hear an appeal from the state courts. *Id.* Accordingly, having found that the *Middlesex* criteria were met and no extraordinary circumstances to prevent abstention were shown, the district court held that abstention was non-discretionary. *Id.* at 302 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Ms. Rose contends that the Utah state court does not provide an adequate forum to challenge the constitutionality of the Utah Rules governing attorney discipline, because she tried twice unsuccessfully to obtain a stay of the grievance proceeding from the Utah Supreme Court. But she has provided no authority requiring a Utah court to address her claims in an action other than the pending grievance proceeding.[4]

Based on our de novo review of the district court's rulings, we affirm the decision to abstain from the state disciplinary proceedings for the same reasons given by the district court. Our determination that the district court properly

---

[4]    Ms. Rose asserts error in the district court's reliance as persuasive authority on *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005), claiming that the case stands for the proposition that a state bar may rely on misconduct in a federal court to discipline an attorney only if the federal court has previously imposed discipline on the attorney. Aplt. Opening Br. at 18 (citing the earlier case of *Canatella v. California*, 304 F.3d 843, 847 (9th Cir. 2002)). Neither case holds that a federal court must impose discipline before a state bar can bring a disciplinary action against an attorney based on her actions in a federal court.

abstained obviates Ms. Rose's argument that the district court erred in not addressing her Supremacy Clause "Constitutional Design" argument.

### D. Claims Waived on Appeal

As noted, the district court held that the State of Utah, the Utah State Bar, and the Bar officials in their official capacity were entitled to Eleventh Amendment immunity. Ms. Rose's appellate briefs do not contain a cogent argument challenging the district court's ruling. Issues not argued to the appellate court are deemed waived. *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 n.4 (10th Cir. 2002).

Similarly, Ms. Rose has presented no appellate argument that the district court erred in its rulings on her pendent claims under Utah state law for conversion, conspiracy, or intentional infliction of emotional distress. In addition, her appellate briefs do not contain any legal argument concerning Ms. Smith, and Ms. Smith was not named in the notice of appeal, Aplt. App. at 309. Therefore, we do not review the district court's rulings on the Eleventh Amendment or the state law claims. All claims against Ms. Smith are deemed waived.

### E. Federal Claims for Declaratory and Injunctive Relief and Damages

Ms. Rose sought declaratory and injunctive relief and damages under the Supremacy Clause. She has rejected § 1983 as a source of subject matter jurisdiction, electing instead to rely on the Supremacy Clause, as well as

28 U.S.C. §§ 1331 and 1343. "The party invoking federal jurisdiction bears the burden of proof." *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999) (quotation and alteration omitted).

Ms. Rose apparently relies for her argument that federal jurisdiction is provided by the Supremacy Clause on *Wilderness Society v. Kane County*, 581 F.3d 1198 (10th Cir. 2009), *reh'g en banc granted*, 595 F.3d 1119 (10th Cir. 2010). But as the district court explained, *Wilderness Society* involved a claim that a state law was preempted by a federal statute, 581 F.3d at 1205, and Ms. Rose has identified no "federal statute that remotely suggests that federal courts have exclusive jurisdiction to regulate the practice of law in the State of Utah (or any other state for that matter)," Aplt. App. at 302 n.9.

Ms. Rose's reliance on sections 1331 and 1343 for federal jurisdiction is equally unavailing. Section 1331 "confers jurisdiction only where a federal question is otherwise at issue; it does not create federal jurisdiction." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980). Furthermore, "§ 1343 does not create an independent basis for federal jurisdiction, but only serves to confer jurisdiction where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act." *Id.* Ms. Rose has incorrectly cited *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 279 (1977), as supporting her contention that sections 1331 and 1343 confer jurisdiction. Aplt. Opening Br. at 5 n.5. On the contrary, in *Mt. Healthy* the Court declined to decide whether the respondent's

-11-

action filed under § 1331 was "limited by the restrictions of § 1983."
*Mt. Healthy*, 429 U.S. at 279. Indeed, *Mt. Healthy* has been described as distinguishing between § 1331's "catchall federal-question provision" and "jurisdiction under 28 U.S.C. § 1343, which requires not only that the technical requirements of jurisdiction be met but that suit against the parties named as defendants *be authorized under the cognate provisions of 42 U.S.C. § 1983*." *Symm v. United States*, 439 U.S. 1105, 1108 (1979) (Rehnquist, J., dissenting from denial of certiorari) (emphasis added); *see also Examining Bd. of Eng'rs, Architects & Surveyors v. Flores de Otero*, 426 U.S. 572, 583 (1976) (noting that 28 U.S.C. § 1343 and 42 U.S.C. § 1983 "were meant to be, and are, complementary"). In sum, because the Supremacy Clause does not provide Ms. Rose with a private right of action, she cannot rely on § 1331 for jurisdiction. And she has specifically stated that none of her claims are brought under § 1983, so § 1343 does not confer jurisdiction. Accordingly, because federal subject matter jurisdiction is lacking, we dismiss Ms. Rose's appeal concerning her federal claims for declaratory and injunctive relief and damages.

### III. ORDER DENYING RECUSAL

Next we address Ms. Rose's claim that the district court erred in denying her motion to recuse due to the appearance of impartiality, pursuant to 28 U.S.C. § 455(a). Ms. Rose asserts that the district court improperly failed to recognize the merit to her arguments, dismissed her prior federal case, denied her motions

for a temporary restraining order and mediation, and dismissed the case. By these arguments, Ms. Rose asserts that the district judge was biased based solely on its unfavorable rulings. But adverse rulings cannot alone provide grounds for disqualification. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Accordingly, we find no error in the district court's order denying recusal.

## IV. MOTION FOR SANCTIONS

Defendant Cox has filed a separate motion for sanctions against Ms. Rose for filing a frivolous appeal. She also seeks an injunction preventing Ms. Rose from pursuing this case or any other litigation related to the Utah State Bar's pending disciplinary proceedings against her. Ms. Cox contends that (1) the appeal is objectively frivolous; (2) Ms. Rose's briefs are of very poor quality, even though she is a lawyer; (3) the "Argument" section of her appellate brief is vexatious and frivolous because she argues that the district court failed to take her pleaded facts as true, but then identifies no such facts; (4) she made legal arguments unsupported by the cited legal citations; and (5) she represented in her brief that the federal judge in the litigation where she and Ms. Cox were opposing counsel cited favorably to her work when, in fact, the judge was highly critical of it.

Ms. Rose has responded, asserting that sanctions are inappropriate because she filed the appeal in good faith and because sanctions were not imposed against her clients in the *MacArthur* case in which she and Ms. Cox were opposing

counsel. *See MacArthur v. San Juan Cnty.*, Utah Federal District Court, case No. 2:00CV584. Ms. Rose also reargues the merits of her appeal.

A court of appeals is authorized to "award just damages and single or double costs to the appellee" if it determines that an appeal is frivolous. Fed. R. App. P. 38; *see also Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (en banc) (holding "Rule 38 alone permits sanctions against attorneys for taking a truly frivolous appeal"). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley*, 832 F.2d at 1510 (quotation omitted). Subjective good faith is irrelevant; sanctions are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.* at 1512.

Ms. Rose's claims against Ms. Cox are based only on Ms. Cox's transmittal to the Utah State Bar of a court order authored by Judge Kimball criticizing Ms. Rose's professional performance. As discussed above, Ms. Rose has failed to establish subject matter jurisdiction over her federal claims, and has waived her state claims.

In addition, Ms. Rose's briefs miscite legal authority, some examples of which are noted above. She also argues the merits of the underlying disciplinary action, which are not before this court and are irrelevant to the issues on appeal. In the *MacArthur* case, rather than complimenting Ms. Rose on her legal work as

-14-

she claims, the district court and this court were critical of her work. *See MacArthur v. San Juan Cnty.*, 497 F.3d 1057, 1064 n.2 (10th Cir. 2007) (noting Ms. Rose's "briefing in this case has in common many of the problems identified with regard to the briefing in [495 F.3d 1157]"); *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1161 & n.4, 1162 (10th Cir. 2007) (dismissing appeal as frivolous; noting Ms. Rose's briefs violated appellate rules and were "replete with errors of spelling and grammar, and the prose [was] often incomprehensible"); *MacArthur v. San Juan Cnty.*, Utah Federal District Court, case No. 2:00CV584, Doc. 219, at 5[5] (Judge Kimball's September 19, 2001, recusal order noting, among other criticisms of Ms. Rose's representation, that "Plaintiffs have taken for granted the extreme patience that this court has demonstrated in tolerating . . . Plaintiffs' often incomprehensible pleadings and memoranda").

Furthermore, the briefs in this appeal are rife with incomprehensible prose. *See, e.g.,* Aplt. Opening Br. at 30 ("[The abstention cases of *Younger* and *Middlesex*] both recognize the Court's reliance on the Bars assertion of a 'state' court 'de novo' review cannot compensate for Due process denials at any point along the long process of attorney discipline." [sic, generally]); Aplt. Reply Br. at 17 ("Congress in the 1992 Senate- ratified United Nations International

---

[5] Judge Kimball's recusal order was issued in the *MacArthur* case and forms the basis of one of the grievance counts against Ms. Rose. This court has discretion to access documents not included in the parties' appendices on the district court's electronic filing system. *See Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 909 (10th Cir. 2009).

-15-

Covenant on Civil and Political Rights, that secures to all U.S. citizens their Bill of Rights, through the all the [sic] various civil rights acts that execute this Treaty domestically, makes the Bill of Rights Article VI Treaty law superceding all state and other Constitutional provisions.").

"Courts are in no way obligated to tolerate arguments that thoroughly defy common sense." *Charczuk v. Commissioner*, 771 F.2d 471, 475 (10th Cir. 1985). "We have repeatedly expressed our concern with the unnecessary burdens, both on the courts and on those who petition them for justice, that result from unreasonable, irresponsible and vexatious conduct of attorneys as well as parties." *Braley*, 832 F.2d at 1512.

Before imposing sanctions, the appellant must be afforded due process. "The due process requirements fall into two categories: (1) specificity of findings, to facilitate response and review, and (2) notice and opportunity to be heard." *Id.* at 1513. The specificity of findings is met when an appellate court addresses the merits of the appeal. *See id.* at 1514. The notice requirement is satisfied "if a party has already made a motion . . . that sanctions be imposed, and identified the party or counsel it wants to be sanctioned." *Id.* at 1515. The opportunity to submit a response brief satisfies the opportunity to be heard. *Id.* Accordingly, because these requirements were met here, both prongs of the due process requirements are satisfied.

We determine that sanctions against Ms. Rose are appropriate for filing a frivolous and vexatious appeal. Ms. Cox has not submitted an itemized statement of her attorney fees incurred in this appeal. We find that "just damages" amount to $5,000.00. *See* Rule 38; *cf. Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000) (awarding Rule 38 sanctions of $4,000.00, an amount less than the full attorney fees requested). In addition, Ms. Cox is entitled to double costs, pursuant to Rule 38. We do not, however, grant Ms. Cox's request for an injunction preventing Ms. Rose from pursuing this case or any other litigation related to the Utah State Bar's pending disciplinary proceedings against her.

## V.  CONCLUSION

Ms. Cox's motion for sanctions is GRANTED in part, and Ms. Rose is ordered to pay $5,000.00, plus double costs, to Ms. Cox. Ms. Cox's request for an injunction preventing Ms. Rose from pursuing this case or any other litigation is DENIED.

Defendant Smith's motion for a finding that she is not a party to this appeal is GRANTED, given our determination that Ms. Rose has waived her claims against Ms. Smith. The Bar Defendants' motion to dismiss this appeal under Fed. R. App. 27 and 10th Cir. R. 27.2 based on abstention is DENIED as moot.

Ms. Rose's appeal of her federal claims for declaratory and injunctive relief and damages is DISMISSED for lack of federal subject matter jurisdiction.  In all other respects, the judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge