FILED
United States Court of Appeals
Tenth Circuit

December 10, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ALISON DICKSON; DONNA
SINGER; FRED RIGGS,

      Plaintiffs-Appellants,

    and

MICHELLE LYMAN; HELEN
VALDEZ; STEVEN MACARTHUR;
NATHANIEL PENN; CANDACE
LAWS; LINDA CACAPARDO;
SUE BURTON; AMY TERLAAK;
CANDACE HOLIDAY; NICOLE
ROBERTS,

      Plaintiffs,

v.

SAN JUAN COUNTY; SAN JUAN
HEALTH SERVICES DISTRICT; J.
TYRON LEWIS, Commissioner;
BILL REDD, Commissioner; CRAIG
HALLS; REID M. WOOD; CLEAL
BRADFORD; ROGER ATCITTY;
JOHN LEWIS; JOHN
HOUSEKEEPER; KAREN ADAMS;
PATSY SHUMWAY; JAMES D.
REDD; L. VAL JONES; MANFRED
R. NELSON; RICHARD BAILEY;
MARILEE BAILEY; ORA LEE
BLACK; GARY HOLLADAY; LORI
WALLACE; CARLA GRIMSHAW;
GLORIA YANITO; JULIE
BRONSON; LAURIE SCHAFER;

No. 08-4148
(D.C. No. 2:00-CV-00584-BSJ)
(D. Utah)

LYN STEVENS, San Juan County
Commissioner,

Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Plaintiffs-Appellants Dickson, Riggs and Singer (hereafter "Appellants")

appeal from the district court's order denying their motion for relief from this

court's final judgment. The district court ruled that the law-of-the-case doctrine

prohibited it from considering Appellants' new legal theories that a Navajo

Nation tribal court had subject-matter jurisdiction over defendants,

notwithstanding this court's decision to the contrary. The court's order also

granted defendants' motion to enjoin Appellants from initiating any further

proceedings against them. We affirm.

*Background*. The factual background of this case is undisputed and is

thoroughly set forth in this court's prior decision. *MacArthur v. San Juan*

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*County*, 497 F.3d 1057, 1060-1064 (10th Cir. 2007) (hereafter, "*MacArthur III*").

Thus, we set forth only the procedural background necessary to resolve this

appeal.[1] Appellants and other plaintiffs filed a complaint in the Navajo Nation

tribal court against defendants San Juan County; San Juan Health Services

District ("SJHSD"); and numerous county officials, trustees and employees of

those entities (hereafter "Defendants"). Plaintiffs' claims pertained to their

employment at the Montezuma Creek Health Clinic, operated by the SJHSD and

located in San Juan County, Utah, within the exterior boundaries of the Navajo

Nation. Some, but not all, of the plaintiffs were members of the Navajo Nation.

Only one of the Defendants, Mr. Atcitty, was a tribal member. In December

1999, the Navajo tribal court entered a sweeping preliminary injunction against

the Defendants.[2]

---

[1] Even this procedural recitation is streamlined. For example, in prior related actions, Appellants and other plaintiffs brought numerous state and federal law claims against the same defendants in federal court. In a 112-page decision, the district court dismissed the majority of the claims under Federal Rule 16 and declined to exercise supplemental jurisdiction over the remaining claims. *MacArthur v. San Juan County*, 416 F. Supp. 2d 1098, 1208-10 (D. Utah 2005). This court dismissed the appeal as frivolous. *MacArthur v. San Juan County*, 495 F.3d 1157, 1158 (10th Cir. 2007).

[2] The tribal court ordered Defendants to reinstate Ms. Singer and Mr. Riggs to their employment positions; offer Ms. Dickson full time employment; expunge plaintiffs' disciplinary record; refrain from requiring physician assistants to maintain time cards; and pay all of plaintiffs' attorney fees and expenses. *MacArthur III*, 497 F.3d at 1062. It further prohibited Defendants from eliminating or interfering with certain medical services provided by the health clinic. *Id*.

– *MacArthur I and II*.  Plaintiffs sought to enforce the tribal court's injunction and related tribal court orders by filing suit in federal district court, seeking a declaratory judgment and a preliminary injunction.  But the district court ruled that it was prohibited from enforcing the tribal court orders because Defendants enjoyed sovereign immunity from suit in tribal court, and it dismissed plaintiffs' complaint.  On appeal, we remanded the matter to the district court, directing it to conduct an analysis of the tribal court's adjudicative authority over Defendants in accordance with *Montana v. United States*, 450 U.S. 544 (1981), before it addressed the sovereign immunity issue.  *MacArthur v. San Juan County*, 309 F.3d 1216, 1227 (10th Cir. 2002) (hereafter "*MacArthur I*").  The district court did so, and ultimately again granted judgment in favor of Defendants. *MacArthur v. San Juan County*, 391 F. Supp. 2d 895, 1056-57 (D. Utah 2005) (hereafter "*MacArthur II*").

– *MacArthur III*.  On appeal, a panel of this court ruled that the federal courts must not recognize the tribal court orders because the Navajo tribal "court lacked subject matter jurisdiction (i.e. adjudicatory authority) over nearly all of Defendants' activities."  *MacArthur III*, 497 F.3d at 1067.  We first  rejected plaintiffs' argument that the federal court lacked authority to do anything but enforce the tribal court orders.  We ruled that the question of whether a tribal court has regulatory and adjudicatory authority, and thus whether a federal court

can enforce a tribal court order, is a matter of federal law giving rise to subject-matter jurisdiction under 28 U.S.C. § 1331. *Id.* at 1066.

We then began our analysis of the merits with *Montana*, 450 U.S. 544, "the pathmarking case concerning tribal civil authority over nonmembers." *Strate v. A-1 Contractors*, 520 U.S. 438, 445 (1997). *Montana* held that, as a general rule, "'the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe.'" *MacArthur III,* 497 F.3d at 1068 (quoting *Montana*, 450 U.S. at 565). *Montana* recognized two "narrow exceptions" to that general presumption: (1) a "'tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements'"; and (2) a "'tribe may . . . exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe.'" *Id.* (quoting *Montana*, 450 U.S. at 565-66).

Applying *Montana's* general rule and two exceptions to the facts relevant to each plaintiff and each defendant, this court ultimately ruled that *Montana's* general presumption against tribal civil jurisdiction applied to all Defendants except one, Mr. Atcitty. Consequently, we held that Defendants' employment activities were beyond the regulatory and, therefore, adjudicative, authority of the

Navajo Nation. *MacArthur III*, 497 F.3d 1070-1076.[3] The Supreme Court denied certiorari review. *MacArthur v. San Juan County*, 128 S.Ct. 1229 (2008).

*Rule 60(b) Motion.* Following *MacArthur III*, Appellants filed numerous motions in federal and tribal court seeking to avoid the *MacArthur III* decision. At issue in this appeal is Appellants' Federal Rule of Civil Procedure 60(b) motion asking the district court to alter the holding of *MacArthur III*, particularly its reliance on the legal precedents set forth in *Montana*. In a detailed and scholarly published decision, the district court denied the Rule 60(b) motion. *MacArthur v. San Juan County*, 566 F. Supp. 2d 1239, 1251 (D. Utah 2008) (hereafter "*MacArthur IV*"). It discussed Appellants' new legal theories, but held it was prohibited under the law-of-the-case doctrine from reconsidering the issues answered by *MacArthur III*. It also granted a permanent injunction against Appellants and their attorneys from proceeding in any forum to relitigate the questions of jurisdiction, immunity and enforceability of tribal court orders already decided by the Tenth Circuit in *MacArthur III*. *Id*.

In their Rule 60(b) motion, Appellants "canvasse[d] the treaties and statutes defining the legal relationship between the United States and the Navajo Nation" and argued that there is no express legal basis supporting *Montana's* presumption that tribal courts generally lack civil jurisdiction over nonmembers. *MacArthur*

---

[3]     We exercised our discretion to refuse to enforce the tribal court judgment as to those claims asserted against defendant Atcitty, over which the tribal court arguably had subject-matter jurisdiction. *MacArthur III*, 497 F.3d at 1076.

*IV*, 566 F. Supp. 2d at 1242.  Appellants also argued that the federal courts lack authority to decide the Navajo Nation's jurisdiction in the first place.  They further asserted that the federal courts could not decide the question of the Navajo Nation's adjudicatory authority in this case because the Navajo Nation was not a party to the litigation.  Further, they argued that because the Navajo Nation had entered into a contract with the Bureau of Indian Affairs (BIA) concerning its judicial programs, pursuant to *Medellin v. Texas*, 129 S.Ct. 360 (2008), its tribal courts were "executive agreement claims settlement courts whose acts are entitled to full force and effect in the courts of the United States."  *MacArthur IV*, 566 F. Supp. 2d at 1247 (quotation marks omitted).

In its exhaustive decision, the district court recited the history of the relevant legislation and Supreme Court decisions preceding and culminating in *Montana's* holding that tribal courts have very limited civil authority over nonmembers and nonmember activities within tribal boundaries.  *Id*. at 1242-44.  It acknowledged that scholars and even some members of the Supreme Court dispute the rule and reasoning of the *Montana* decision.  *Id*. at 1249.  Nonetheless, it ruled that the Supreme Court's decision in *Montana*, which continues to be followed by the Court, is binding on all lower federal courts, including it and the Tenth Circuit.  *Id*. at 1245.  The district court further ruled that the Navajo Nation was not a necessary party to the determination of the jurisdictional issues in this case, distinguishing cases relied upon by Appellants in

which the litigation was against the tribe itself. *Id.* at 1245-46. The court explained that, by bringing an action in federal court seeking enforcement of the tribal orders, Appellants had invoked the federal court's jurisdiction under § 1331, including its authority to decide the tribal court's subject-matter jurisdiction over the Defendants. *Id.* at 1246-47. Finally, it ruled that the Navajo Nation's contract with the BIA was nothing more than a contract to provide financial assistance, and it did not alter or supercede any of the relevant legislation or judicial precedent concerning tribal civil authority over nonmembers. *Id.* at 1247-48. Ultimately, the district court ruled that Appellants' arguments as to the tribal court's jurisdiction and the federal court's authority to resolve those issues had been answered by *MacArthur III,* and, thus, under the law-of-the-case doctrine, the district court lacked any authority to deviate from the Tenth Circuit's mandate. *Id.* at 1250-51.

*Analysis.* Appellants argue on appeal, as they did before the district court, that "[t]his case presents an opportunity . . . to eliminate the *Montana* doctrine from application to the Navajo Nation and . . . mak[e] Navajo law the 'Supreme Law of the Land[,]' binding on all Courts domestically." Opening Br. at 5. They contend that (1) all of the federal court decisions in this case were in excess of their constitutional Article III authority and, therefore, are void; (2) Congress and the Executive Branch have entered into treaties with the Navajo Nation, such that all Navajo Nation tribal court actions are binding on the federal courts, pursuant

to *Medellin*, 129 S.Ct. 360; and (3) they were denied due process by not being allowed to litigate the applicability of the *Montana* doctrine before it was mandatorily applied by the Tenth Circuit in *MacArthur I*.

Appellants' lengthy and novel legal theories set forth in their Rule 60(b) motion and their opening brief all seek, quite simply, to relitigate the very same questions already addressed by this court in *MacArthur III*:  namely, did the tribal court have subject matter jurisdiction over the nonmember Defendants in this matter, and do the federal courts have jurisdiction to answer this question.  This court has answered both questions, ruling that the tribal court *did not* have jurisdiction over the nonmember Defendants and that the federal courts *do* have jurisdiction to determine that issue.

Appellants are simply arguing that the *Montana* and *MacArthur III* decisions were error.  *Montana* has not been overruled, *see Plains Commerce Bank v. Long Family Land and Cattle Co. Inc.*, 128 S.Ct. 2709, 2719-20 (2008), and *MacArthur III* is both a published decision of this court and the final decision in this case.  "[T]his panel is bound to follow the decisions of the Supreme Court and the published decisions of this court." *Tootle v. USDB Commandant*, 390 F.3d 1280, 1283 (10th Cir. 2004).  More specifically, the district court and this panel are precluded by the law-of-the-case doctrine from revisiting the issues decided in *MacArthur III*.

Under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Under this doctrine, "both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Alphamed, Inc. v. B. Braun Medical, Inc.*, 367 F.3d 1280, 1285-86 (11th Cir. 2004). "It is a rule based on sound public policy that litigation should come to an end . . . by preventing continued re-argument of issues already decided." *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986) (internal citations omitted). If it were not for the law-of-the-case doctrine, "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate of chances from changes in its members." *Roberts v. Cooper*, 61 U.S. 467, 481 (1857).

We cannot find anywhere in Appellants' sixty-two page opening brief or fifty-three page reply brief where they even contend the district court erred in denying their Rule 60(b) claims under the law-of-the-case doctrine. The only time Appellants even acknowledge this doctrine is in an argument in their reply brief headed, "The Law of the Case Being Navajo Law Supports These Plaintiffs." Reply Br. at 20. There, Appellants simply make the circular argument that one aspect of the holding of *MacArthur I*–remanding the case to the district court to address the *Montana* doctrine in the first instance–should be

deemed the law of the case, ostensibly in an erroneous belief this would enable them to continue challenging the *Montana* doctrine.

The law of the case as determined in *MacArthur III* continues to control this matter. Thus, the district court did not err in following the rulings of this court that *Montana* controls the legal analysis of the jurisdictional issues and, applying *Montana*, that the tribal court lacked subject-matter jurisdiction to exercise civil authority over the conduct of the nonmember Defendants. Accordingly, we affirm the district court's denial of Appellants' Rule 60(b) motion.

*Injunction*. In its order, the district court granted Defendants' motion to permanently enjoin Appellants Singer, Riggs and Dickson, individually and through their counsel of record, from seeking to enforce certain orders issued by the Navajo tribal court in any judicial proceeding before any court as against any of the Defendants, and it permanently enjoined these Appellants from prosecuting any claim for damages or other relief in tribal court against the Defendants over whom the *MacArthur III* decision determined the tribal court lacked subject-matter jurisdiction. *MacArthur IV*, 566 F. Supp. 2d at 1251. We cannot find any place in Appellants' opening brief or even their reply brief where they challenge that ruling. "Issues not raised in the opening brief are deemed abandoned or waived." *Coleman v. B-G. Maint. Mgmt. of Colorado*, 108 F.3d

1199, 1205 (10th Cir. 1997). Accordingly, the district court's injunction against Appellants is affirmed.

*Defendants' Rule 38 Request.* Defendants request that we find Appellants' appeal to be frivolous and to award damages to the Defendants pursuant to Fed. R. App. P. 38. Rule 38 empowers this court to "award just damages and single or double costs to the appellee" if we determine that an appeal is frivolous.

We are very mindful of the extreme expense and time imposed on the Defendants by Appellants' repeated arguments challenging the same issues already litigated in *MacArthur III*. There is a strong argument for the imposition of Rule 38 damages against Appellants for their endless attempts to relitigate the same matters previously decided by this court. Nonetheless, we also note that the district court spent considerable time and effort to address Appellants' arguments, and in so doing, concluded that, while barred by the law-of-the-case doctrine, at least some aspects of their arguments were not frivolous. *See MacArthur IV*, 566 F. Supp. 2d at 1245 n.2. We respect the district court's opinion in this matter, and we greatly appreciate the patient and laborious effort undertaken by the district court in issuing such a thorough decision. We therefore deny the Defendants' request for damages

Nonetheless, we cannot emphasize to Appellants strongly enough that this matter is at an end. We caution Appellants that if they file any future appeal or other motion or filing in this court seeking to relitigate any issue in this case, the

filing may be summarily dismissed and Appellants may be subject to the imposition of sanctions, including damages and filing restrictions, if the filing is found to be frivolous.

The district court's denial of Appellants' Rule 60(b) motion and its permanent injunction issued in *MacArthur IV* are AFFIRMED. Appellants' motion to certify to the Supreme Court the question of the binding effect of the Navajo Nation's tribal court's orders is DENIED. Defendants' requests for damages under Rule 38 are DENIED. Defendants' combined motion to dismiss this appeal under Federal Rule of Appellate Procedure 27 and Tenth Circuit Rule 27.2, is DENIED as moot.

Entered for the Court


Stephen H. Anderson
Circuit Judge