FILED
United States Court of Appeals
Tenth Circuit

October 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SUSAN ROSE,

        Plaintiff-Appellant,

v.

UTAH STATE BAR, Office of
Professional Conduct; BARBARA
TOWNSEND; BILLY WALKER;
ARTHUR BERGER; JUDGE
VERNICE TREASE,

        Defendants-Appellees.

No. 10-4209
(D.C. No. 2:10-CV-01001-WPJ)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit
Judges.

---

This is an interlocutory appeal from the denial of a preliminary injunction.

Susan Rose, a Utah lawyer, initiated the underlying federal lawsuit to challenge

the constitutionality of state disciplinary proceedings brought against her by the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Utah bar; she also sought a preliminary injunction to enjoin those proceedings. The district court denied an injunction on *Younger* abstention grounds, *see Younger v. Harris*, 401 U.S. 37 (1971), and while this appeal from that decision was pending, dismissed the underlying action pursuant to *Younger* as well.[1]

Following dismissal of the complaint, appellees moved to dismiss this appeal, claiming it was mooted by the dismissal of the underlying action. Ms. Rose responded, but instead of addressing the threshold jurisdictional question, she maintained *Younger* did not foreclose preliminary relief.

We agree this appeal is moot. A preliminary injunction would have afforded temporary, preliminary relief pending resolution of the underlying claims. *See United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) (explaining that a "preliminary injunction [is] by its very nature interlocutory, tentative and impermanent"). Because the underlying claims have been finally adjudicated by the district court's dismissal, we can no longer grant effective preliminary relief. *See Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983) ("[T]he claim upon which the request for a preliminary injunction was based . . . was dismissed by the district court, and this action certainly mooted the

---

[1]     To be more precise, the court dismissed the underlying action based on collateral estoppel of the *Younger* issue—that is, the court recognized that Ms. Rose had previously litigated and lost the *Younger* issue in two prior federal lawsuits and therefore was collaterally estopped from litigating the same issue again in this, her third federal action.

issue raised herein."). Consequently, this appeal must be dismissed as moot. *See, e.g., Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir. 1999) (dismissing as moot an interlocutory appeal from the denial of a preliminary injunction following dismissal of underlying action). Ms. Rose's proper course of action is to pursue her appeal from the district court's order dismissing the complaint, which is currently pending in this court. *See Rose v. Utah State Bar*, No. 11-4095 (10th Cir. filed May 11, 2011).

Accordingly, appellees' motion to dismiss this appeal as moot is GRANTED. Ms. Rose's motions to certify a question to the Supreme Court, strike appellees' response brief, and file a supplemental appendix are DENIED, as is appellees' motion for sanctions.

Entered for the Court


John C. Porfilio
Senior Circuit Judge