**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SUSAN ROSE,

        Plaintiff–Appellant,

v.

UTAH STATE BAR, Office of
Professional Conduct; BARBARA
TOWNSEND; BILLY WALKER;
ARTHUR BERGER; VERNICE
TREASE, Judge,

        Defendants–Appellees.

No. 11-4095
(D.C. No. 2:10-CV-01001-WPJ)
(D. Utah)

### ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

Susan Rose appeals from the district court's dismissal of her action. We

have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Rose is an attorney admitted to practice law in the State of Utah.  She filed

this action against the Utah State Bar, its Office of Professional Conduct

("OPC"), OPC attorneys Barbara Townsend and Billy Walker, chairman Arthur

Burger of the Utah Supreme Court's Ethics and Discipline Committee

(collectively, the "Bar Defendants"), and a Utah State judge, the Honorable

Vernice Trease.  Rose claims the Bar Defendants violated her constitutional rights

by pursuing a disciplinary proceeding against her in Utah state court.  Rose also

alleges that Judge Trease, who was assigned to hear the disciplinary proceeding,

failed to explain the basis for her court's jurisdiction, engaged in ex parte contact

with an OPC attorney, and prohibited Rose from filing a motion to recuse.[1]

The district court granted defendants' motions to dismiss under Fed. R.

Civ. P. 12(b)(6).  It concluded that Judge Trease is entitled to absolute judicial

immunity.  As to the Bar Defendants, the court observed that Rose previously had

brought two materially identical actions that had been dismissed on Younger

abstention grounds.[2]  See Younger v. Harris, 401 U.S. 37 (1971).  Accordingly,

---

[1]     As of this writing, the state court had struck Rose's answer to the complaint
and entered a default judgment against her as a sanction for her dilatory discovery
tactics.  A sanctions hearing was scheduled to begin in late February 2012.

[2]     Rose did not appeal the first dismissal, and we affirmed the second
dismissal, concluding in relevant part that Younger abstention was warranted
under Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S.
423 (1982).  See Rose v. Utah, 399 F. App'x 430, 435-36 (10th Cir. 2010).

the court held that issue preclusion bars Rose from relitigating the Younger issue. Because this is Rose's third suit raising the same set of issues, the district court granted the Bar Defendants' motion for sanctions (attorneys' fees and costs) in the amount of $17,391.60, and enjoined Rose from filing further civil actions pro se unless she meets certain preconditions. This appeal followed.

## II

## A

Rose claims the district court committed a number of procedural errors. First, she argues that the district court should not have dismissed her case or imposed filing restrictions without first holding a hearing. The district court, however, is granted discretion in determining whether to hold an oral hearing on a motion to dismiss. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007). Although Rose states that a hearing would have established the reasons that this case differed from her previously dismissed actions, she has not explained why she could not have adequately presented her arguments in writing. Thus, she has not shown that the district court abused its discretion. As for the filing restrictions, the court gave Rose notice and an opportunity to provide a written response, which satisfies any due process concerns. See Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989).

Rose next claims that the district court should have converted the Bar Defendants' Rule 12(b)(6) motion into a motion for summary judgment because, she claims, the court must have examined filings in her prior proceedings to determine that issue preclusion applied. However, to the extent the district court looked to these filings, conversion was not required. Although a court generally must convert a motion to dismiss to one for summary judgment when the court considers "matters outside the pleadings," Fed. R. Civ. P. 12(d), a court need not do so if it takes "judicial notice of its own files and records, as well as facts which are a matter of public record." Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (quotation omitted). The filings in the state-court disciplinary proceedings and the two prior cases dismissed under Younger clearly fall into these excepted categories.

Rose also argues that the district court judge[3] should have recused from a hearing in which the court determined Rose's interlocutory appeal was frivolous. Based on that finding, the court retained jurisdiction over the case while that appeal was pending. Rose's interlocutory appeal has since been dismissed as moot. See Rose v. Utah State Bar, 444 F. App'x 298, 299-300 (10th Cir. 2011). Consequently, whether the district judge should have recused from the hearing is

---

[3]    After Rose successfully obtained the recusal of all federal district judges for the District of Utah, this case was assigned to the Honorable William P. Johnson, United States District Court for the District of New Mexico.

also moot.  See Smith v. Plati, 258 F.3d 1167, 1179 (10th Cir. 2001) (issue is moot when no relief can be granted).[4]

In addition to these procedural issues, Rose provides the standard of review for an award of attorneys' fees, but no substantive argument.  She has therefore waived appellate consideration of the district court's award of attorneys' fees.  See Utah Envtl. Cong. v. Bosworth, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) (issue mentioned in a brief but not addressed is waived).

**B**

We turn to the merits of the district court's judicial immunity ruling.[5]  Our review is de novo.  See Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d 1140, 1153 (10th Cir. 2011).  "[G]enerally, a judge is immune from a suit for money damages."  Mireles v. Waco, 502 U.S. 9, 9 (1991).  The immunity applies to judicial acts, but not to "acts that simply happen to have been done by judges."

---

[4]    Although not clearly presented in her briefs, to the extent Rose claims the district court judge should have granted a separate motion to recuse from the case completely, her argument fails because it is premised on the fact that the judge ruled against her.  However, "for bias or prejudice to be disqualifying, it must stem from an extrajudicial source[] unless the judge displays a deep-seated favoritism or antagonism that would make fair judgment impossible."  United States v. Burbage, 365 F.3d 1174, 1180 (10th Cir. 2004) (quotation and alteration omitted).  We see no evidence of "favoritism or antagonism," only a reflection of "exasperation" with Rose, which is insufficient for recusal.  Id.

[5]    Judge Trease argues that Rose has waived her right to appeal the district court's dismissal of the claims against Judge Trease on the ground of judicial immunity by not raising the issue in her opening brief.  Although it is a close question, we conclude that Rose did raise the issue in her opening brief, albeit accompanied by minimal legal argument.

Forrester v. White, 484 U.S. 219, 227 (1988). "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [her] judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978) (italicization omitted).

The conduct encompassed by Rose's claim clearly satisfies both factors. That conduct consists entirely of acts Judge Trease performed in the normal course of her judicial function, and Rose dealt with Judge Trease in her judicial capacity. It is of no moment that Rose believes Judge Trease erred in exercising jurisdiction over the disciplinary matter. See id. at 356 ("A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority . . . .").

## C

As to the district court's application of issue preclusion, our review is de novo. Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). "Younger abstention is jurisdictional," D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004), and "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdictional question," Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric., 378 F.3d 1132, 1136 (10th Cir. 2004) (quotation and alteration omitted). Issue preclusion generally applies when four elements are satisfied:

-6-

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Id. (quotation omitted).

Apparently contesting the first element of issue preclusion, Rose argues her current suit presents issues other than those raised in her two previous cases. She points to her allegations that the Bar Defendants proceeded in bad faith or to harass, which are recognized exceptions to Younger abstention, see Phelps, 122 F.3d at 889. The district court rejected this argument, concluding that Rose's allegations of bad faith and harassment were based on a fundamental misunderstanding of statements made by Townsend regarding Rose's failure to comply with discovery requests. For substantially the same reasons the district court gave, we agree with its conclusion that Rose's allegations of bad faith or harassment are baseless and that issue preclusion bars Rose from relitigating the question of Younger abstention.

Rose also contends the district court erred in failing to consider her request for a declaratory judgment, suggesting that a court's authority to issue declaratory orders constitutes an exception to the abstention doctrine. This argument is incorrect. Under Younger, "'the same equitable principles relevant to the propriety of an injunction apply to a declaratory judgment.'" D.L., 392 F.3d

-7-

at 1228 (alterations omitted) (quoting <u>Samuels v. Mackell</u>, 401 U.S. 66, 73 (1971)).

Lastly, Rose suggests that the Utah state courts do not provide an adequate forum for her constitutional claims. However, we have previously rejected this argument, <u>see</u> <u>Rose</u>, 399 F. App'x at 436, and do so again now.[6]

## III

In sum, this appeal wholly lacks merit. This is the second time Rose has unsuccessfully appealed the district court's dismissal of the same case on essentially the same grounds. Further, we have recently denied Rose's request for a writ of mandamus seeking relief similar to that sought here. We note that Rose's briefs lack the clarity we expect from an attorney and are replete with incomprehensible prose, irrelevant arguments, and mischaracterizations of the

---

[6]     In an apparent effort to buttress her claim that there is no adequate state-court forum for her argument that the state district court lacked jurisdiction in the disciplinary proceeding, Rose states that the Utah Supreme Court has threatened to sanction her if she appeals. But the Utah Supreme Court order she cites reveals that the court denied Rose's petition for discretionary appellate review for the fifth time, instructing her that the court would not interrupt the disciplinary proceeding prior to the entry of a final judgment. The OPC apparently moved for sanctions with regard to the fifth petition, and the court stated it would defer ruling on that motion until Rose filed a direct appeal in the disciplinary proceeding or in due course. Clearly, to the extent sanctions were at issue in the Utah Supreme Court, they concerned Rose's fifth petition for discretionary relief, not any direct appeal she might file from a final judgment in the disciplinary proceeding. We have no basis to conclude the Utah Supreme Court would provide an inadequate forum for Rose's jurisdictional arguments on direct appeal.

record.  Accordingly, we warn Rose that if she persists in relitigating issues in this court that are related to her state disciplinary proceeding, her filings may be summarily dismissed, and we may impose sanctions, including damages and filing restrictions, as "'necessary and appropriate' in aid of our jurisdiction."  <u>Winslow v. Hunter (In re Winslow)</u>, 17 F.3d 314, 315 (10th Cir. 1994).

The judgment of the district court is **AFFIRMED**.  Rose's motion to proceed on appeal without prepayment of fees and costs is **DENIED**, and Rose is ordered to immediately pay the appellate filing fee in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge