FILED
United States Court of Appeals
Tenth Circuit

October 17, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHELLE LYMAN; HELEN
VALDEZ; DONNA SINGER; FRED
RIGGS,

     Plaintiffs - Appellants,

and

DR. STEVEN MACARTHUR; DR.
NATHANIEL PENN; CANDACE
LAWS; LINDA CACAPARDO; SUE
BURTON; AMY TERLAAK; ALISON
DICKSON; CANDACE HOLIDAY;
NICOLE ROBERTS,

     Plaintiffs,

v.

SAN JUAN COUNTY; SAN JUAN
HEALTH SERVICES DISTRICT; J.
TYRON LEWIS, Commissioner; BILL
REDD, Commissioner; CRAIG
HALLS; REID M. WOOD; CLEAL
BRADFORD; ROGER ATCITTY;
JOHN LEWIS; JOHN
HOUSEKEEPER; KAREN ADAMS;
PATSY SHUMWAY; DR. JAMES D.
REDD; DR. L. VAL JONES; DR.
MANFRED R. NELSON; RICHARD
BAILEY; MARILEE BAILEY; ORA
LEE BLACK; GARY HOLLADAY;
LORI WALLACE, a/k/a Laurie
Walker; CARLA GRIMSHAW;
GLORIA YANITO; JULIE
BRONSON; LAURIE SCHAFER;
LYN STEVENS, San Juan County

No. 14-4003
(D.C. No. 2:00-CV-00584-BSJ)
(D. Utah)

Commissioner; MANUAL MORGAN, San Juan County Commissioner; NETTIE PRACK, in his official capacity only; GLEN IMEL, in his official capacity only,

     Defendants - Appellees.

----------------------------------------

SUSAN ROSE,

     Attorney - Appellant.

---

## ORDER AND JUDGMENT[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

Attorney-Appellant Susan Rose ostensibly challenges the district court's denial of injunctive relief on behalf of named Plaintiffs-Appellants Michelle Lyman, Helen Valdez, Donna Singer, and Fred Riggs. In substance, however, the instant proceeding is an improper attempt by Ms. Rose to obtain relief in federal

---

[*] Having examined the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

court from attorney-discipline proceedings pending against her in Utah. We are not situated to entertain this appeal and consequently **dismiss** it on the ground of abstention under *Younger v. Harris*, 401 U.S. 37 (1971).[1]

# I

In 1999, Ms. Rose represented Plaintiffs-Appellants and the above-captioned Plaintiffs (collectively, "Plaintiffs") in proceedings in the Navajo Nation District Court.[2] She later served as counsel in Plaintiffs' attempt to enforce the tribal court's orders by filing suit in the District of Utah—a matter that was ultimately resolved in Defendants' favor. *See MacArthur v. San Juan Cnty.*, 497 F.3d 1057, 1077 (10th Cir. 2007) (affirming the district court's refusal to invade the province of the tribal court). Not to be deterred, however, Ms. Rose has continued to lodge filings pertaining to this matter—purportedly on Plaintiffs' behalf—for the better part of a decade. She has pursued that course despite judicial determinations that all dispositive issues in the *MacArthur* litigation had been resolved with finality, *see MacArthur v. San Juan Cnty.*, 566 F. Supp. 2d 1239, 1250 (D. Utah 2008) ("The plaintiffs asked, and they received an answer, albeit one not to their liking. Their question having been answered by the court

---

[1]     Ms. Rose has also filed several motions in this court by which she asks the panel to (1) certify legal questions to the Supreme Court; (2) remand the case to the district court; and (3) expedite the motion to remand. Because we have determined that the appeal must be dismissed, we **deny** her motions as moot.

[2]     Some of the litigants are enrolled members of the Navajo Tribe.

of appeals, this court remains bound . . . ."), and despite receiving emphatic advisements to this effect, *see Dickson v. San Juan Cnty.*, 355 F. App'x 243, 249 (10th Cir. 2009) ("[W]e cannot emphasize . . . strongly enough that this matter is at an end.").

Ms. Rose's role in the *MacArthur* lawsuit drew scrutiny from the Utah State Bar's Office of Professional Conduct ("OPC"), which initiated disciplinary proceedings against her for "engag[ing] in conduct prejudicial to the administration of justice [under Utah's rules of professional conduct]." Aplt. App., Vol. II, at 259A (Disciplinary Compl., filed Dec. 12, 2007). Resisting this result, and seeking to enjoin the OPC, Ms. Rose filed numerous motions in federal court in 2011—again claiming to do so on Plaintiffs' behalf. The district court disposed of these motions in August 2011, citing her abusive filing habits and opining that Utah's courts were entitled to manage attorney discipline "without preemptive [federal] interference." *Id.* at 164A (Order, filed Aug. 15, 2011) [hereinafter, "Motions Order"]. Ms. Rose did not appeal from that ruling.

Since the issuance of the Motions Order, Ms. Rose has filed three *additional* federal lawsuits in her bid to halt the pending OPC matter. The first was dismissed without prejudice, a result she did not challenge. The second was dismissed "on various grounds, including . . . *Younger* abstention." *Rose v. Utah State*, No. 2:09-CV-695-TC, 2009 WL 5066687, at *1 (D. Utah Dec. 16, 2009). Ms. Rose did appeal from that dismissal, and a panel of our court

4

"affirm[ed] . . . for the same reasons given by the district court," including *Younger* abstention. *Rose v. Utah*, 399 F. App'x 430, 436 (10th Cir. 2010). Although the panel assessed monetary sanctions, it declined to issue "an injunction preventing Ms. Rose from pursuing . . . litigation related to the Utah State Bar's pending disciplinary proceedings." *Id.* at 439.

When Ms. Rose filed the third of the above-referenced federal lawsuits directed at state bar proceedings, all of the judges in the District of Utah recused. Her case was reassigned to the United States District Court for the District of New Mexico, which (1) denied Ms. Rose's motion for preliminary injunctive relief (citing failure to show a likelihood of success on the merits), and (2) subsequently dismissed her underlying complaint and imposed attorney's fees, costs, and filing restrictions.

Ms. Rose appealed from the order denying injunctive relief and from the dismissal of her third lawsuit. A panel of this court dismissed her interlocutory appeal as moot, observing that the District of New Mexico district court had "recognized that Ms. Rose had previously litigated and lost the *Younger* issue in two prior federal lawsuits and therefore was collaterally estopped from litigating the same issue again in this, her third federal action." *Rose v. Utah State Bar*, 444 F. App'x 298, 299 n.1 (10th Cir. 2011). Another panel of this court issued a ruling in which it (1) affirmed the dismissal of her complaint and the imposition of sanctions; (2) admonished her for pursuing "the same case on essentially the

5

same grounds"; and (3) noted its recent denial of her "request for a writ of mandamus seeking [similar] relief." *Rose v. Utah State Bar*, 471 F. App'x 818, 822–23 (10th Cir. 2012). Presumably anticipating additional abusive filings, the latter panel concluded:

> Rose's briefs lack the clarity we expect from an attorney and are replete with incomprehensible prose, irrelevant arguments, and mischaracterizations of the record. Accordingly, we warn Rose that if she persists in relitigating issues in this court that are related to her state disciplinary proceeding, her filings may be summarily dismissed, and we may impose sanctions, including damages and filing restrictions, as necessary and appropriate in aid of our jurisdiction.

*Id.* at 823 (internal quotation marks omitted).

As noted *supra*, despite repeated warnings, Ms. Rose has continued seeking redress in federal court. She filed two motions in December 2013—in the original federal *MacArthur* lawsuit, again purportedly on Plaintiffs' behalf—with an eye toward enjoining her disciplinary matter. The District of Utah district court denied both motions on January 8, 2014. In so doing, the court noted that it was denying relief for the same reasons stated in the Motions Order and quoted from that order as follows:

> To date, as Ms. Rose acknowledges, the State court has imposed no sanction or disciplinary punishment upon her based upon her handling of this case. Counsel for the Bar assures this court that the State court has not yet held an evidentiary hearing on the merits of the Bar's complaint against Ms. Rose on any of the grounds alleged; that it is clearly an ongoing State judicial proceeding; and that Ms. Rose will be afforded a full opportunity to present her defense on those merits before sanction or

6

> discipline, if any, is imposed by the State court. It also appears that the State court remains structurally capable of resolving—either at the district level or on appeal—the constitutional, legal and jurisdictional questions that Ms. Rose persists in raising in both her State and federal proceedings. That being so, the State court should be afforded the opportunity to do so without preemptive interference by this court.

Aplt. App., Vol. II, at 158A (footnotes omitted) (citation omitted) (quoting Motions Order). Ms. Rose styled the instant appeal as a challenge to the January 2014 order.

The events set forth herein prompted our clerk's office to consider the matter for summary disposition and to order Ms. Rose to "file a written response . . . addressing whether the issues raised by this appeal are related to her state disciplinary proceedings." Order, No. 14-4003, at 2 (10th Cir., filed Jan. 28, 2014). Defendants responded as well, requesting that this court consider assessing monetary sanctions and Tenth Circuit filing restrictions against Ms. Rose. In light of the responses submitted—most saliently, Ms. Rose's 152-page filing, which did not dispute that this appeal concerns the OPC matter—we ordered Ms. Rose to address sanctions and filing restrictions in her opening brief. She has failed to advance any meaningful argument in that regard or to demonstrate that her state bar matter has been resolved.

## II

In light of this procedural history, we reach two critical conclusions regarding the case's disposition. First, we harbor no doubt that Ms. Rose's appeal

7

is not a substantive challenge to the denial of injunctive relief. We therefore do not engage in the traditional analysis for appeals that *in fact* dispute a district court's denial of a preliminary injunction. *See Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013) (assaying for an abuse of discretion and describing the usual four-prong test for such challenges). Second, we are satisfied that summary dismissal of Ms. Rose's appeal is justified. *See* 10th Cir. R. 27.2(B) (permitting summary dismissal "[a]fter giving notice to the parties"); *United States v. Rubio-Ayala*, 435 F. App'x 755, 758 (10th Cir. 2011) ("[W]e have examined the relevant parts of the record, and we summarily dispose of this appeal [under Rule 27.2(B)]."); *see also* 10th Cir. R. 27.2(A) (authorizing summary dismissal "for any other reason a dismissal is permitted"). Ms. Rose has received the requisite notice and opportunity to respond as regards summary dismissal—and, in her response, has demonstrated that this appeal *undeniably* relates to the state court action initiated by the OPC. Summary dismissal on grounds of *Younger* abstention is therefore appropriate.

Based on Congress's "desire to permit state courts to try state cases free from interference by federal courts," *Younger*, 401 U.S. at 43, *Younger* abstention is warranted when (1) there are "ongoing state criminal, civil, or administrative proceedings"; (2) the state court "offer[s] an adequate forum to hear the federal plaintiff's claims from the federal lawsuit"; and (3) the state proceeding concerns "important state interests, matters which traditionally look to state law for their

8

resolution or implicate separately articulated state policies," *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997); *accord Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Abstention under *Younger* is mandatory once these requirements have been met. *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) ("*Younger* abstention *dictates* that federal courts not interfere." (emphasis added) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)) (internal quotation marks omitted)); *accord Walck v. Edmondson*, 472 F.3d 1227, 1233 (10th Cir. 2007).

The Supreme Court has expressly held that "[c]ircumstances fitting within the *Younger* doctrine . . . include . . . 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ----, 134 S. Ct. 584, 588 (2013) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989)). The Court has likewise made clear that state attorney-discipline proceedings are within *Younger*'s scope. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433–34 (1982) (finding it "clear beyond doubt" that a state supreme court's attorney-discipline processes and procedures are "judicial in nature" (internal quotation marks omitted)). We have heeded this instruction. *See, e.g.*, *Razatos v. Colo. Supreme Court*, 746 F.2d 1429, 1435 (10th Cir. 1984) ("[T]he challenged [attorney] disciplinary proceedings are definitely judicial . . . ."); *see also Vakas v.*

9

*Rodriquez*, 728 F.2d 1293, 1297 (10th Cir. 1984) ("The principles of comity and federalism dictate that federal courts abstain from premature entry into state judicial construction of . . . disciplinary procedures.").

With these principles in mind, we find it pellucid that there is no legally cognizable basis for undertaking a merits analysis of Ms. Rose's frivolous appeal. It is well-settled in this circuit that "[a]n appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) (internal quotation marks omitted). Under *Younger*, the result could hardly be more obvious: we must dismiss the appeal, and Ms. Rose must see her state court matter through to completion. There is no dispute that (1) Ms. Rose's OPC matter is one of the "ongoing" state proceedings contemplated by *Younger* and *Middlesex*; (2) she could raise in state court the same claims brought here (i.e., her basic disagreement with the propriety of the OPC charges), *see, e.g.*, Dist. Ct. Doc. 1134, at 2 (Mot., filed Dec. 30, 2013) ("The simplest issue is that the Plaintiffs['] lawyer is being prosecuted . . . in state court."); or (3) the issue of her professional competence is an important matter of *Utah* law. Additionally, to the extent her appeal *could* be construed as anything other than an attack on ongoing state proceedings, it is nonetheless frivolous for lack of any cogent legal argument. "Courts are in no way obligated to tolerate arguments that thoroughly defy common sense," *Charczuk v. Comm'r of Internal Revenue*, 771 F.2d 471,

10

475 (10th Cir. 1985), and we are confident that this statement aptly describes Ms. Rose's filings.

Ultimately, it is clear that all three *Younger* requirements are present in Ms. Rose's case and that Ms. Rose has not met her "heavy burden to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (internal quotation marks omitted). These considerations lead ineluctably to the conclusion that we are not situated to resolve the matter. We therefore dismiss Ms. Rose's appeal.

### III

Ms. Rose has ignored numerous warnings that further frivolous filings might subject her to filing restrictions. She has "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (per curiam) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam)) (internal quotation marks omitted). Our precedent establishes that we may invoke our "inherent power" to impose "carefully tailored restrictions," *id.* (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986)) (internal quotation marks omitted), so long as "[her] abusive and lengthy history is properly set forth"—as we have done in Part II, *supra*—and she is allowed to oppose the restrictions before they take effect, *Tripati*, 878 F.2d at 353–54.

Subject to Ms. Rose's opportunity to file written objections that we outline

11

below, we propose to enjoin her from petitioning the Tenth Circuit Court of Appeals for relief, either by appeal or through an original proceeding, unless she complies with the following restrictions:

First, Ms. Rose may not file any documents in this court unless she is represented by a licensed attorney—other than herself—who is admitted to practice in this court. Her attorney must certify that, based on his or her review of the proposed filing, Ms. Rose has stated a legally cognizable cause of action that comports with all applicable federal and circuit rules of procedure.

Alternatively, if Ms. Rose seeks to proceed pro se, she must:

1. Submit a petition to the clerk of this court seeking leave to file a pro se action and setting forth: (a) a list of all pro se lawsuits currently pending or filed previously with this court, including the name, number, and citation (if applicable) of each case, and the current status or disposition of the case; and (b) a list of all outstanding injunctions or orders limiting Ms. Rose's access to federal court, including orders and injunctions requiring her either to seek leave to file matters pro se or be represented by counsel, with each matter identified by name, number, and citation (if applicable), of all such orders or injunctions; and

2. File with the clerk of this court a notarized affidavit reciting the issues she seeks to present, including a short discussion of the legal basis asserted in support and, if appropriate, describing with particularity the order being challenged. The affidavit must certify to the best of Ms. Rose's knowledge that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; that her petition or appeal is not being filed for any improper

purpose; and that she will comply with all appellate and local rules of this court.

Once filed, these documents shall be submitted to the chief judge of this court or her designee for review. Without the approval of the chief judge or her designee, the matter will be dismissed. If Ms. Rose's submission is approved, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and Tenth Circuit Rules.

Within twenty-one days of the date of this order and judgment, Ms. Rose is ordered to show cause why these filing restrictions should not issue. Her response shall be in writing and shall be limited to fifteen pages, following the font and type limitations set forth in Federal Rule of Appellate Procedure 32(a). Failure to respond shall result in the proposed injunction taking effect twenty-eight days from the date of this order and judgment and applying to any matter filed after that date. If Ms. Rose does file a timely, compliant response, the proposed injunction will not enter unless this court so orders, after fairly considering the response and ruling on Ms. Rose's objections.

## IV

We **DISMISS** Ms. Rose's appeal on grounds of *Younger* abstention. Consistent with our proposal in Part III, *supra*, we also order Ms. Rose to file a

13

response within twenty-one days of this order and judgment.

Entered for the Court


JEROME A. HOLMES
Circuit Judge